Robert Transue *v.* Falk's Food Basket of Philadelphia, Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, and Workmen's Compensation Appeal Board. Robert Transue, Appellant.

Argued September 13, 1976, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*Raymond J. DeRaymond,* with him *Coffin, DeRaymond, Shipman & Stitt,* for appellant.

*John P. Thomas,* with him *Wilbur C. Creveling, Jr.; Walker, Thomas Karess, Lipson & Zieger;* and *James N. Diefenderfer,* for appellees.

Opinion by Judge Mencer, November 17, 1976:

Robert Transue appeals from an adverse decision rendered by the Workmen's Compensation Appeal

Board (Board) on his appeal from a referee's denial of his petition for modification of a workmen's compensation award.[1] By the terms of the award now in force, Transue receives $42 per week as compensation for a 40-percent partial disability. On December 14, 1972, Transue filed a petition for modification of the award from partial to total disability. After three hearings, during which testimony from Transue's physician and Transue himself was presented in support of his claim and films of Transue taken by a private detective were presented in rebuttal, the referee found that Transue had not carried his burden of proving a change in his condition from partial to total disability.

It is well settled that the party seeking to modify a compensation award has the burden of proving the allegations upon which he relies. *Irwin Sensenich Corp. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 518, 327 A.2d 644 (1974). Where the decision below is against the party having the burden of proof, as in this case, this Court's review is limited to a determination of whether the referee's findings of fact are consistent with each other and with the Board's conclusions of law and can be sustained without a capricious disregard of competent evidence. *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 612, 309 A.2d 172 (1973). A capricious disregard of competent evidence is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result. *Alu-*

---

[1] Mr. Transue's prior involvement with the workmen's compensation authorities and with this Court are summarized in *Falk's Food Basket v. Transue,* 8 Pa. Commonwealth Ct. 614, 304 A.2d 528 (1973).

*minum Company of America v. Theis,* 11 Pa. Commonwealth Ct. 587, 314 A.2d 893 (1974).

Transue's expert medical witness established to the referee's satisfaction that Transue suffered from traumatic subtalar arthritis and had bony spurs or osteophytes on his left .heel. Both conditions were causally related to the accident which resulted in the award of disability benefits to Transue. The referee, however, did not accept the opinion of the same medical expert that appellant's condition had worsened since the award of partial disability and that he was now totally disabled. This, Transue claims, was a capricious disregard of competent evidence. We do not agree.

As the fact-finder, the referee need not accept expert medical testimony even though that testimony is uncontradicted. *Hiram Wible & Son v. Keith,* 8 Pa. Commonwealth Ct. 196, 302 A.2d 517 (1973). Here, the referee obviously considered the testimony of Transue's medical expert because he based several of his findings on the expert's testimony. The referee simply did not accept the expert's conclusion as to the extent of Transue's disability. We may not disturb this determination since it is the function of the fact-finder and not the appellate courts to determine the credibility and weight to be given the testimony of medical experts. *Stringe v. S & S Maintenance Co.,* 8 Pa. Commonwealth Ct. 619, 303 A.2d 874 (1973); *Connolly v. Campbell,* 8 Pa. Commonwealth Ct. 99, 301 A.2d 109 (1973).

Much is made of the fact that the referee based at least one finding[2] on motion picture films taken July

---

[2] Finding of fact 13 states:

"13. Claimant has performed work on at least the occasions of July 18, 1974 and July 19, 1974 without apparent pain or discomfort and without apparent limitations or restrictions of movement."

18 and 19, 1974 which show Transue walking steps, carrying objects and standing for short periods of time. No objection to the admission of those films was preserved on appeal. However, we note that since Falk's Food Basket of Philadelphia, as respondent, bore no burden of proof, the referee could have found against Transue even though no contradictory evidence had been presented. We therefore enter our

ORDER

Now, this 17th day of November, 1976, the order of the Workmen's Compensation Appeal Board in the above-captioned case is affirmed.