Phillip McGinley, Petitioner *v.* Workmen's Compensation Appeal Board (Acme Markets, Inc.), Respondents.

Submitted on briefs June 6, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Samuel L. Spear, Meranze, Katz, Spear & Wilderman,* for petitioner.

*Thomas F. McDevitt, Thomas F. McDevitt, P.C.,* for respondent, Acme Markets, Inc.

OPINION BY JUDGE MACPHAIL, September 16, 1983:
Phillip McGinley (Claimant) contracted pneumonia as a result of his work as a warehouseman for Acme Markets, Inc. (Employer) and received workmen's compensation pursuant to a Notice of Compensation Payable beginning February 23, 1978. On April 14, 1978, Employer filed a Termination Petition, alleging that Claimant was able to return to work on March 28, 1978. After several hearings, the referee issued his decision and order dismissing the. Termination Petition and reinstating total disability benefits. The Board, without taking further evidence, reversed the referee. Claimant's appeal to this Court followed.

The crucial events necessitating this appeal occurred on March 22, 1978. On that day, Claimant was examined by his treating physician, Dr. Barbieri. As testified to by Dr. Barbieri at a later deposition, the doctor examined Claimant and found him to be recovered from the pneumonia. Tragically, however, that evening Claimant fell down a flight of steps at his home, suffering multiple skull factures and hemmorhaging, resulting in total blindness and or-

ganic brain syndrome. As a result of this fall, Claimant remains totally disabled.

Before the referee, Claimant presented the testimony of Dr. Linwood F. Tice, an expert pharmacologist but not a medical doctor, who testified to the side-effects of the drug Keflex, the drug prescribed by Dr. Barbieri for the treatment of Claimant's pneumonia. Among the effects noted by Dr. Tice were headaches, dizziness and fatigue, and Dr. Tice opined that Claimant's ingestion of the drug very definitely contributed to a sense of imbalance. The referee determined that the drug was a definite factor in the cause of Claimant's fall and he therefore denied the Termination Petition. The Board, upon reviewing Dr. Tice's testimony, held that the doctor's testimony was not competent and therefore could not form the basis for the referee's decision. From its opinion, the Board appeared to find the doctor's testimony not competent for two reasons: 1) Tice was testifying outside his area of expertise; and 2) Tice's testimony was not unequivocal, as is required of expert medical testimony on causation.[1] The Board then granted the Termination Petition.

On appeal to this Court, the parties have focused their attention entirely upon the question of whether Dr. Tice's testimony was competent and could be relied upon by the referee. Upon full examination of the procedural posture of this case, however, we find this issue irrelevant at this time.

As this Court has just recently reiterated:

[T]he party seeking termination of workmen's compensation benefits has the burden of prov-

---

[1] See *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas)* (No. 1965 C.D. 1981, filed September 15, 1983).

ing that all disability related to a compensable injury has ceased and that, *if a claimant is currently disabled, the petitioner must show a lack of causal connection between that disability and the compensable injury.* We have never held that in termination proceedings the burden shifts at anytime to the claimant to prove the existence of a causal connection between his disability and his injury. (Emphasis added.) (Citations omitted.)

*Unity Builders, Inc. v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 527, 532, 413 A.2d 40, 43 (1980), *quoted in Forbes Health System v. Workmen's Compensation Appeal Board (Washington)* (No. 2525 C.D. 1981, filed July 27, 1983). *See also George v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 23, 437 A.2d 521 (1981).

In this case, there can be no question but that the Claimant was totally disabled at the time the Termination Petition was filed. The burden thus lay with the Employer to show the non-existence of a causal connection between that disability and his work-related injury.[2] The employer here presented *no* evidence on the issue of lack of causal connection. It, therefore, was irrelevant what Claimant's witness Dr. Tice stated or whether Dr. Tice's opinion could form the basis of the referee's decision. The burden was on Employer and clearly was not met.

Order reversed.

---

[2] The referee in his decision spoke in terms of a "second compensable injury" resulting from the initial injury, while the Board, inconsistently, stated at one point that the "employer has the burden" and at another point that he "claimant . . . has the burden." Claimant at no time appeared to object to carrying the burden of proof before the referee.

## ORDER

The order of the Workmen's Compensation Appeal Board Docket No. A-80590, dated June 3, 1982, is reversed and benefits, in accord with the order of the referee, are reinstated.