588 A.2d 1007

**LAUTEK CORPORATION, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 14, 1990.

Decided March 26, 1991.

548

Jeffrey T. Tucker, with him, Mary Anne Clausen, Morris-ville, for petitioner.

William A. Slaughter, with him, Walter M. Einhorn, Jr., Philadelphia, for respondent, Stevan Simich.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Lautek Corporation (Employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board) affirming the decision of the referee which granted benefits to Stevan Simich (Simich). We affirm.

Simich's employment began on February 13, 1989. Simich served as Vice–President and Chief Financial Officer of Employer's Mid–Atlantic Division. He rendered management services on behalf of Employer in connection with the retail sale of computers. Simich's employment was terminated on June 23, 1989 via a letter dated June 20, 1989. The letter gave several reasons for Simich's termination. These included: condoning the practice of pre-billing; failure to timely and appropriately file for tax refunds; failure to appear for duty/being absent without leave; submitting improper expense accounts; failure to carry out duties in a diligent and faithful manner, etc.[1]

Simich subsequently applied for unemployment compensation benefits. In August of 1989, the Office of Employ-

1. R.R. at 81a–82a.

ment Security (OES) determined Simich was eligible for benefits under the Unemployment Compensation Law [2] (Act). Employer appealed this determination. A hearing was held before a referee in September of 1989. Simich did not appear at this hearing but a witness was present to testify on his behalf.[3] Several witnesses testified for Employer. The issue before the referee was the OES determination that Simich was entitled to benefits and was not precluded from eligibility under Section 402(e) (willful misconduct) of the Act, 43 P.S. 802(e).[4]

The referee issued a decision finding that Employer failed to meet the requisite burden of proof in establishing willful misconduct on the part of Simich and that Simich was therefore entitled to benefits. On appeal, the Board affirmed the decision of the referee by determining that Employer did not establish willful misconduct by Simich in connection with his work.

Now before us for consideration are several arguments presented by Employer. Specifically, the Employer requests this Court to draw a negative inference from Simich's failure to testify at the hearing and to determine that the referee and Board capriciously disregarded testimony presented to them because Simich is ineligible for benefits under the willful misconduct section of the Act, 43 P.S. § 802(e). In the alternative, Employer contends the referee excluded relevant evidence and seeks a remand to allow the submission of additional testimony.

█ As we are not often presented with a case in which the claimant failed to appear at his unemployment compensation case and testify in his own behalf, we now take the

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751–914.

3. The record indicates that Simich was out of the country at the time of the hearing.

4. Section 402(e), 43 P.S. § 802(e), provides in pertinent part:
    An employe shall be ineligible for compensation for any week—
    (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work....

opportunity to discuss the appropriate standard of review. It is an accepted premise that claimant bears the burden of establishing entitlement to benefits. *Worobec v. Unemployment Compensation Board of Review*, 112 Pa.Commonwealth Ct. 643, 536 A.2d 467 (1988); *Hughes v. Unemployment Compensation Board of Review*, 51 Pa.Commonwealth Ct. 448, 414 A.2d 757 (1980).

It is also well-settled that an employer bears the burden of proving defenses afforded under the Act to negate a claimant's entitlement to benefits. *Giglio v. Unemployment Compensation Board of Review*, 126 Pa.Commonwealth Ct. 471, 560 A.2d 271 (1989). In the case before us, the asserted defense was willful misconduct. Consideration of whether Simich's actions constitute willful misconduct is a question of law subject to review by this Court. *McLean v. Unemployment Compensation Board of Review*, 476 Pa. 617, 383 A.2d 533 (1978).

Where, as here, the party bearing the burden of proof does not prevail before the Board, but evidence, however limited, was presented by both parties, our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law exists, or whether any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986); *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987). As we indicated in *Kirkwood*, this standard of review unquestionably applies to agency proceedings in which both parties present evidence.

The appropriate standard of review is not, as both Employer and Simich advocate in their briefs, whether there has been a capricious disregard of competent evidence. The "capricious disregard of competent evidence" test applies where the burdened party does not prevail before the agency *and* is the only party to present evidence. It is inapplica-

ble and inappropriate where both parties present evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

■ The Supreme Court, adopting the definition in Black's Law Dictionary, defined "evidence" as any species of proof legally presented at the trial of an issue, by the act of the parties and through the medium of witnesses, records, documents, concrete objects, etc. *Pennsylvania ex rel. Hendrickson v. Myers*, 393 Pa. 224, 228, 144 A.2d 367, 370 (1958). Hence, the evidence presented need not be limited to testimony of the claimant. Evidence also encompasses testimony of witnesses, introduction of records, and submitted documents.

In the case *sub judice*, Simich did not appear at the hearing [5] nor did he testify via deposition or otherwise. However, a witness was present who testified that Simich did not engage in willful misconduct. The presentation of evidence by the witness thus precludes application of the "capricious disregard" standard.

■ Having established how the petition for review before us will be considered, we will now address the merits. In considering Employer's argument that a negative inference is justified in the absence of a party's testimony, we initially note that where a party has no burden to meet, or is satisfied that the opposing party has not met its burden of proof, an adverse inference may not properly be drawn against them for failure to produce evidence. *Raffaele v. Andrews*, 197 Pa.Superior Ct. 368, 371, 178 A.2d 847, 849 (1962). As the referee stated:

It's up to the Employer to present evidence of misconduct on the part of claimant. The Employer can do that without the claimant being present. In fact, the only reason the claimant would be here would be to deny what

5. The record reveals requests by Simich and by Simich's counsel for postponement of the hearing to enable Simich to attend and present his own testimony; these requests were not granted. See O.R., Item No. 6.

it is that the Employer says ... or ... to demonstrate a legitimate excuse or good cause for doing what he did. So I can't see how claimant's absence is detrimental to your cause....

R.R. at 72a.

Because Employer bears the burden of establishing willful misconduct, a negative inference may not be drawn against Simich for his failure to appear at the hearing.

■ We now turn to consideration of Employer's argument regarding the "capricious disregard of competent evidence" which, under the appropriate scope of review, becomes a substantial evidence argument. Employer argues that the Board ignored competent evidence proving that Simich was terminated for willful misconduct. John Lau (Lau), Employer's president, testified that the two "strongest reasons" for Simich's discharge were pre-billing and failure to come to work.[6] In the findings of fact of the referee, it was found that:

2. Claimant was discharged for allegedly pre-invoicing and for allegedly not working his full schedule.

. . . . .

5. Claimant did no pre-invoicing, was not responsible for and did not authorize, either expressly or passively, any pre-invoicing by anyone else.

6. Claimant conformed to his full work schedule each week, not necessarily working at his office in Langhorne but often at home, which was approved by the employer.

The Board's findings of fact determined:

4. The employer has alleged that while the claimant was the senior financial officer, the claimant engaged in generating invoices for equipment prior to the equipment being shipped:

. . . . .

9. The claimant did not generate invoices for equipment prior to the equipment being shipped, nor did he direct

6. R.R. at 22a–24a.

his subordinates to generate invoices for equipment prior to the equipment being shipped.

10. The employer has also alleged that the claimant did not work a 40–hour week in violation of his employment contract.

11. The claimant was permitted by the terms of his employment contract with the employer to perform work for (sic) the office he had in his home.

■■■ The Board then discussed how it was the Employer's burden to establish that Simich's discharge was for willful misconduct. The Board determined that Employer "presented no firsthand testimony to show that the claimant ever committed the alleged infraction of the employer's policy nor did the employer present any firsthand evidence showing that the claimant did not work a 40–hour week." It is well-accepted that on appeal the prevailing party has the benefit of all reasonable inferences drawn from the evidence and that we are bound by findings of fact which are supported by substantial evidence. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

The record indicates the findings of the referee and the Board were warranted by the evidence in the record. The Employer introduced an agreement between itself and a lending organization which prohibited lending on the basis of pre-billed goods.[7] However, Employer never established Simich's knowledge of this agreement or his involvement in the practice of pre-billing. The only evidence presented by Employer as to Simich's alleged involvement in pre-billing was a statement by an employee who testified Simich said "we need invoicing."[8] As the Board concluded, the Employer simply did not meet its burden of proof in establishing willful misconduct on the part of Simich.

In view of the fact that Employer could not sustain its evidentiary burden as to its "strongest reasons" for Si-

7. Pre-billing is when a client puts through invoicing for goods not yet shipped. R.R. at 4a.

8. R.R. at 46a.

mich's discharge, it is hard to perceive how Employer could have met its burden with admittedly weaker reasons. In light of the above, we find a remand inappropriate and unnecessary.

The determination of the Board granting benefits to Simich is affirmed.

## ORDER

AND NOW, this 26th day of March, 1991, the order of the Unemployment Compensation Board of Review is affirmed.