624 A.2d 814

**Daniel IACONO, Petitioner,**

v.

**WORKER'S COMPENSATION APPEAL BOARD (CHESTER HOUSING AUTHORITY and PMA Group), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 16, 1992.

Decided April 23, 1993.

236

Arthur G. Girton, for petitioner.

Mark R. Schmidt, for respondents.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, PELLEGRINI and FRIEDMAN, JJ.

FRIEDMAN, Judge.

Daniel Iacono appeals from an order of the Workmen's Compensation Appeal Board (WCAB) reversing a referee's denial of Chester Housing Authority's (Employer) termination petition. We reverse and reinstate the decision of the referee.

On March 16, 1989, Iacono, a carpenter, injured his lower back during the course of his employment with Employer and received benefits pursuant to a Notice of Compensation Payable. On October 11, 1989, Employer filed a termination petition, alleging that all of Iacono's disability resulting from his work-related injury had ceased as of September 5, 1989, and that Iacono was fully capable of returning to his pre-injury job without restrictions. Iacono denied this allegation and hearings were held before a referee.

In support of its termination petition, Employer presented the deposition testimony of Joseph Shatouhy, M.D., a board certified orthopedic surgeon. Dr. Shatouhy testified that he examined Iacono on August 17, 1989. Based on that examination, Dr. Shatouhy diagnosed Iacono as having sustained a recurrent lumbar sprain which had resolved and determined that Iacono could return to work in early September. (R.R. at 30.) [1] When asked whether he would impose any work restric-

1. The August 17, 1989 examination was not the only time that Dr. Shatouhy evaluated Iacono. Dr. Shatouhy examined Iacono on March 22, 1988, following an incident in which Iacono injured his back in a

tions on Iacono, Dr. Shatouhy replied that no restrictions were required as a result of the injury Iacono sustained but that, because of Iacono's pre-existing arthritic and degenerative back conditions, he would impose limitations in order to avoid further injury. (R.R. at 33–34.) Again, on cross-examination, Dr. Shatouhy testified that Iacono's pre-existing condition made him more vulnerable to reinjury. (R.R. at 34–35.)

Claimant offered no expert medical testimony but countered Employer's evidence by testifying on his own behalf, stating that since the March 16, 1989 injury, he has continued to have pain in his lower back and down both legs which renders him incapable of returning to work. Iacono testified that because of the continuous pain, he was unable to walk, sit, drive or stand for any length of time and could not lift objects over 25–35 pounds or use carpentry tools. (R.R. at 44–47.)

After considering the evidence before him, the referee specifically found "[b]y the weight of the credible evidence ... that Claimant is unable to perform the physical requirements of his pre-injury job due to the effects of the 3/16/89 work-related injury." (Referee Finding of Fact No. 2.) Thus, the referee denied Employer's termination petition, concluding that Employer failed to meet its burden of proof and that Iacono remained totally disabled.

On appeal, the WCAB reversed the referee and granted Employer's termination petition, stating:

> In the present matter, since [Employer] was the only party to present medical evidence in regard to its Petition for Termination, the capricious disregard standard applies rather than the substantial evidence test. The Referee in his

fall over a ladder. At that time Dr. Shatouhy diagnosed Iacono as having sustained a lumbar sprain syndrome superimposed on pre-existing lumbar arthritis and disc degeneration at two levels. (R.R. at 18.) This condition was still unresolved when Dr. Shatouhy reexamined Iacono on April 12, 1988. (R.R. at 21.) On May 10, 1988, although Iacono complained of continuing back pain, Dr. Shatouhy determined that Iacono's lumbar sprain syndrome had resolved and he could return to work. (R.R. at 22–27.) Finally, Dr. Shatouhy evaluated Iacono for back pain on August 17, 1989, when Iacono informed him that he had sustained a new injury on March 16, 1989, while working for Employer. (R.R. at 27–28.)

Decision, however, found Claimant was unable to perform his physical requirements of his pre-injury job based on the credible evidence of record without giving any reason why Claimant was unable to perform his pre-injury job. Clearly, this is in violation of the minimal requirements necessary to uphold the Referee's decision under a capricious disregard standard.[2]

Our review of the above stated testimony and the record as a whole leads us to conclude that the Referee erred in determining that Claimant had not recovered from his previous work-related injury. Dr. Shatouhy specifically found Claimant's pre-existing condition had resolved and that Claimant was able to return to work without restriction. We cannot find any evidence in Dr. Shatouhy's testimony indicating that Claimant continued to suffer a work-related disability.

(WCAB opinion at 5; R.R. at 60.)

■ The sole issue which Iacono raises on appeal is whether the WCAB erred by applying the capricious disregard standard rather than the substantial evidence test in conducting its review. Iacono argues that because both parties presented evidence before the referee, the WCAB and this court must employ the substantial evidence test on appellate review. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). On the other hand, Employer, relying on *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 515 Pa. 315, 528 A.2d 580 (1987), contends that because Iacono failed to produce any medical evidence

2. Even if we were to agree that the capricious disregard standard applied, we would disagree that such an explanation is required here. In *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 515 Pa. 315, 528 A.2d 580 (1987), although conceding that a referee generally may disregard even uncontradicted testimony, the Court held that the referee cannot capriciously disregard competent evidence without a reasonable explanation *or* without specifically discrediting it. Thus, the referee need not provide an explanation for rejecting uncontradicted medical evidence where he has specifically determined that that evidence was not credible.

confirming an ongoing work-related disability, the capricious disregard standard applies.[3] We agree with Iacono.

■ Our formulations of these review standards are clear-cut. Where the party with the burden of proof is the *only* party to present evidence and yet loses before the factfinder, the appropriate standard of review is the "capricious disregard" test. *Russell.* A capricious disregard of evidence will be found when there is a willful and deliberate *disregard* of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching a result. *Arena v. Packaging Systems Corp.,* 510 Pa. 34, 507 A.2d 18 (1986).[4]

■ However, when both parties present evidence before the factfinder, however limited, our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law committed, or whether any necessary finding of fact is unsupported by substantial evidence. *Lautek Corp. v. Unemployment Compensation Board of Review,* 138 Pa.Commonwealth Ct. 547, 588 A.2d 1007 (1991). Substantial evidence is that quantum of relevant evidence which a reasonable mind would deem adequate to support a conclusion. *Czap v. Workmen's Compensation Appeal Board (Gunton Corp.),* 137 Pa.Commonwealth Ct. 612, 587 A.2d 49 (1991), *appeal denied,* 527 Pa. 654, 593 A.2d 425 (1991). Contrary to the belief of Employer and the WCAB, there is no requirement that this "evidence" include medical testimony. *Lautek.*

In this case, both parties have presented evidence. Employer offered the deposition testimony of Dr. Shatouhy that

3. We disagree that *Farquhar* stands for this proposition, particularly because in *Farquhar,* the standard of review was not in dispute. Rather, the claimant sought reinstatement of compensation benefits, and in doing so presented medical testimony regarding the causal connection between her disability and her work. The employer presented no witnesses, testimony or other evidence at the hearings before the referee.

4. As this statement implies, capricious disregard is found when the factfinder ignores relevant, competent evidence; however, we hasten to add that, once having considered the evidence presented, the referee remains free to accept or reject it on credibility grounds.

Iacono's lumbar sprain had resolved and he could return to work. Dr. Shatouhy also testified that any remaining disability or restrictions put on Iacono were due to his pre-existing arthritic and degenerative conditions rather than his March 16, 1989 work injury. Iacono, clearly competent to testify on the subject, presented his own testimony regarding his continuing pain. Thus, review under the substantial evidence standard is appropriate.

■ Having established the proper standard of review, we conclude that the referee's finding of residual disability is supported by substantial evidence and that the referee properly concluded that Employer did not meet his burden of proof.

■ Under section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 772, a referee may terminate a claimant's workmen's compensation benefits at any time, upon a finding supported by substantial evidence, that a claimant's work-related disability has ceased entirely. *Rogers Motor Lines v. Workmen's Compensation Appeal Board (Baker),* 144 Pa.Commonwealth Ct. 493, 601 A.2d 934 (1992). Therefore, an employer seeking to terminate workmen's compensation benefits bears the burden of proving either that the employee's disability has ceased, or that any current disability arises from a cause unrelated to the employee's work injury. *McGee v. L.F. Grammes & Sons,* 477 Pa. 143, 383 A.2d 864 (1978); *Central Pennsylvania Community Action, Inc. v. Workmen's Compensation Appeal Board (Probeck),* 103 Pa.Commonwealth Ct. 278, 520 A.2d 112 (1987); *McGinley v. Workmen's Compensation Appeal Board (Acme Markets, Inc.),* 77 Pa.Commonwealth Ct. 214, 465 A.2d 147 (1983). "This burden is considerable, for disability is presumed to continue until demonstrated otherwise." *Olivetti Corp. v. Workmen's Compensation Appeal Board (Robinson),* 75 Pa.Commonwealth Ct. 584, 586, 462 A.2d 934, 936 (1983), quoting *Workmen's Compensation Board ex rel. Mialka v. F.W. Woolworth Co.,* 19 Pa.Commonwealth Ct. 413, 415, 338 A.2d 784, 785 (1975). Thus, once a claimant establishes his right to benefits, those benefits remain in effect unless and

until the employer satisfies its burden of proving entitlement to termination. *Olivetti.* There is no burden on the claimant to prove anything at all. *Probeck.* In essence, in order to prevail in a termination action, the employer must *disprove* the claimant's existing, continuing right to benefits, in support of which the claimant has already established that his injury arose in the course of his employment and was causally related thereto. *See Halaski v. Hilton Hotel,* 487 Pa. 313, 409 A.2d 367 (1979).

Having considered the burden faced by a party seeking to terminate benefits, we must recognize that two questions may, but do not necessarily, arise in any termination petition proceedings. An employer may seek to terminate benefits by proving that the claimant has lost entitlement to compensation because he has fully recovered and is no longer disabled. Failing this, an employer may nevertheless terminate benefits by establishing an unrelated source for the claimant's current disability. The fact that Iacono, as a lay person, is not competent to offer medical testimony on causation, is irrelevant in a termination proceeding.[5] In fact, competent evidence exists regarding the cause of his continuing pain. As stated, the causal connection between Iacono's disability and his work injury was acknowledged previously in conjunction with his initial receipt of benefits.[6] That determination of causation remains in evidence until successfully disproved by Employer in the termination proceeding.

Iacono asserts that *Victor's Jewelers v. Workmen's Compensation Appeal Board (Bergelson),* 145 Pa.Commonwealth Ct.

5. Previously, we have recognized that in a termination proceeding, the burden never shifts to the claimant to prove the existence of a causal connection between his disability and his injury; therefore, unlike a claim petition, a claimant need not offer medical evidence. Instead, an employer seeking termination of worker's compensation benefits must prove cessation of disability or a lack of causal connection between existing disability and the previously compensable injury. *Olivetti; McGinley; Probeck.*

6. Whether a referee awards benefits to the claimant after a determination of eligibility or the employer admits the claimant's right to benefits by making worker's compensation payments, once a claimant receives benefits, this causal relationship is established.

630, 604 A.2d 1127 (1992) controls here, and, with regard to Iacono's continuing disability, we agree that it does. In *Victor's*, an employer sought to terminate claimant's workmen's compensation benefits and presented the testimony of two orthopedic surgeons and a neurologist-psychiatrist that claimant was recovered and could return to work. The claimant failed to offer any medical testimony but, as here, responded to his employer's termination petition by testifying that he still experienced pain which prevented him from returning to his former employment. The referee, affirmed by the WCAB, denied the petition based on the substantial evidence of claimant's complaints. On appeal, the employer argued that capricious disregard was the appropriate scope of review.

Although only the employer offered medical evidence, we held that the substantial evidence standard of review was appropriate, stating that use of the capricious disregard standard would be improper where the claimant testified to numerous continuing symptoms. Under this standard, we affirmed the denial of the termination petition, quoting *Hygrade Food Products v. Workmen's Compensation Appeal Board*, 62 Pa.Commonwealth Ct. 448, 452, 437 A.2d 89, 91 (1981), in which we held "severe pain, even without evidence of anatomical cause, will support a finding of continued disability," and that "a referee can give more credence to a claimant's testimony regarding incapacitating pain than to a doctor's testimony." Thus, we concluded that the prevailing party had produced competent, substantial evidence that he could not return to work, which, having been accepted by the referee, supported the conclusion that the employer failed to meet its burden of proof in the petition.

Similarly, the referee here wholly rejected Dr. Shatouhy's statement that Iacono could return to his previous employment and gave considerable weight to Iacono's testimony that he still suffered debilitating pain which rendered him unable to return to his pre-injury duties. In fact, even Dr. Shatouhy acknowledged that Iacono had continuing pain and suggested work restrictions although he attributed that pain and the need for job limitations to another source. Thus, under the

rationale used in *Victor's*, we hold that Iacono's testimony, credited by the referee, is sufficient to support the referee's conclusion that Iacono remained disabled and could not resume his prior job with Employer.

The analogy to *Victor's* fails at this point, however, because the employer in *Victor's* did not allege that claimant's pain could have been due to a pre-existing condition which was not work-related; that is Employer's theory here. Dr. Shatouhy offered uncontradicted medical testimony that any disability or limitations on Iacono were not related to his work-related injury but to his pre-existing arthritic condition.[7] This evidence, *if believed*, could constitute sufficient evidence to support Employer's termination petition. However, the referee did not believe Dr. Shatouhy and concluded that Employer had not met his burden of proof.

As factfinder, only the referee has the power to determine which testimony to believe and which to disbelieve; he may accept or reject, in whole or in part, the testimony of any witness. *Hess Brothers v. Workmen's Compensation Appeal Board (Gornick)*, 128 Pa.Commonwealth Ct. 240, 563 A.2d 236 (1989). The referee need not accept expert medical testimony, even where that testimony is uncontradicted. *Transue v. Falk's Food Basket of Philadelphia*, 27 Pa.Commonwealth Ct. 156, 365 A.2d 894 (1976). Here, the referee simply did not believe Dr. Shatouhy's medical conclusions. Because it is the function of the referee to determine the

7. In *Farquhar* the Court stated that an employee did not necessarily forgo disability benefits merely because his condition had resolved, noting that the Act does not require an employee to bear the risk of probable severe and totally disabling reinjury by returning to work. *Jasper v. Workmen's Compensation Appeal Board*, 498 Pa. 263, 445 A.2d 1212 (1982). Here, although on the one hand asserting that Iacono could return to his pre-injury job without restrictions, Dr. Shatouhy later qualified this statement and stated that he would suggest limitations to avoid a recurrence of Iacono's lumbar strain to which he was vulnerable; Iacono had, in fact, already suffered two episodes of such strains as a result of work activity. (R.R. at 18, 36). However, as Iacono does not raise this issue, and it is not necessary for the resolution of the case, we decline to consider whether Iacono was entitled to compensation on these grounds.

credibility and weight to be given the testimony of medical experts, we may not disturb this determination. *Transue.*

In sum, Employer failed to prove that Iacono's disability had ceased because Iacono's testimony provided sufficient competent evidence to support the referee's finding that Iacono remained disabled. Therefore, Employer could prevail only by successfully establishing that Iacono's disability was not causally related to his work injury. However, once the referee rejected Dr. Shatouhy's testimony on causation as not credible, a determination fully within the referee's discretion, Employer could not sustain its burden.

Accordingly, we reverse and reinstate the decision of the referee.

## ORDER

AND NOW, this 23rd day of April, 1993, the order of the Worker's Compensation Appeal Board, dated March 13, 1992, is reversed, and the order of the referee denying the termination petition of the Chester Housing Authority, dated August 13, 1991, is reinstated.

DOYLE, Judge, dissenting.

I respectfully dissent.

As the majority correctly notes, the single issue raised on appeal here is whether the "capricious disregard standard" is the appropriate one in this case or whether the Workmen's Compensation Appeal Board (Board) should have used the "substantial evidence test" when conducting its review.

It is Daniel Iacono's (Claimant's) position that because evidence was presented on both sides the proper scope of review for the Board and this Court to employ is the substantial evidence test. He cites *Victor's Jewelers v. Workmen's Compensation Appeal Board (Bergelson)*, 145 Pa.Commonwealth Ct. 630, 604 A.2d 1127 (1992), in support of his position. Employer, however, asserts that because Claimant did not present *medical* evidence to rebut Employer's medical evi-

dence that Claimant's work-related disability had ceased, the capricious disregard standard applies. In support of this proposition it cites *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 515 Pa. 315, 528 A.2d 580 (1987).

In *Farquhar* our Supreme Court made clear that the referee, Board and this Court had all erred because they had "capriciously disregarded uncontradicted medical testimony and evidence" in the context of the claimant's petition to reinstate suspended benefits. In that case the claimant had presented medical evidence in support of her petition; the employer had presented no evidence. The referee, however, rejected the claimant's medical evidence giving as his only reason a basis not supported by the record. The Court opined that "[a]t the very least the findings and conclusions of the fact finder must have a rational basis in the evidence of record and demonstrate an appreciation and correct application of underlying principles of substantive law to that evidence." *Id.*, 515 Pa. at 324, 528 A.2d at 584–85 (emphasis omitted).

Based upon that language in *Farquhar*, this Court has ruled that "a referee may not '*reject*' credible and uncontradicted medical evidence without explaining why the evidence is 'rejected'." *Acme Markets, Inc. v. Workmen's Compensation Appeal Board (Pilvalis)*, 142 Pa. Commonwealth Ct. 400, 406, 597 A.2d 294, 297 (1991) (emphasis in original). What no case has yet made clear, however, is that when deciding whether the capricious disregard standard applies the inquiry is not only whether both sides have presented evidence, but whether both sides have presented *competent* evidence on the same issue. An examination of *Victor's Jewelers* serves as an excellent example of what I mean.

In that case, as here, the claimant in response to an employer's termination petition testified that he still experienced pain. Clearly a claimant is competent to so testify and *Victor's Jewelers* so held. Unlike the case at bar, however, there was no indication in *Victor's Jewelers* that the employer was alleging that the pain was due to a non-work related

preexisting condition. That *is* Employer's theory here.[1] Employer here acknowledged that Claimant may experience pain; it asserts, however, that that pain is not being caused by Claimant's work-related injury. Clearly Claimant is *not competent* to testify as to what is causing his present pain, the work-related lumbar sprain or his preexisting arthritis and degenerative disease and, indeed, did not ever do so because there is no obvious causal connection between the pain and either injury. There is, therefore, no competent medical evidence presented to rebut Employer's competent medical evidence on the lack of a continuing work-related injury as a basis for Claimant's pain. Accordingly, the capricious disregard of *competent* evidence standard must be applied here. *Cf. Hebden; Koszowski* (where employer's theory in termination proceeding was that continuing disability was not work-related, and both parties presented expert medical evidence on this issue, the substantial evidence test was employed).

Because I believe that the Board properly employed the capricious disregard standard in this case, I would affirm its order.

McGINLEY, J., joins in this dissent.

---

1. An employer can prevail in a termination proceeding if it demonstrates that the *work-related* disability has ceased. *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines, Inc.)*, 141 Pa.Commonwealth Ct. 253, 595 A.2d 697 (1991). It is the employer's burden to show the lack of a causal connection between any existing disability and the compensable work-related injury. *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 142 Pa.Commonwealth Ct. 176, 597 A.2d 182 (1991), *petition for allowance of appeal granted*, 529 Pa. 659, 604 A.2d 251 (1992).