639 A.2d 856

**Helen TYNAN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ASSOCIATED CLEANING CONSULTANT AND SERVICES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 18, 1992.

Decided March 9, 1994.

Reargument Denied April 20, 1994.

Barbara E. Holmes, for petitioner.

Stewart A. Karn, for respondent.

Before DOYLE and FRIEDMAN, JJ., and NARICK, Senior Judge.

DOYLE, Judge.[1]

Helen Tynan appeals from an order of the Workmen's Compensation Appeal Board (WCAB) reversing the decision of the referee and terminating her benefits. We reverse the WCAB and reinstate the referee's order on the following basis.

On July 4, 1983, Tynan injured her right wrist when she fell during the course of her employment with Associated Cleaning Consultants and Services, Inc. (Employer). Tynan received benefits for this injury pursuant to a notice of compensation payable issued by Employer. On October 15, 1990, Employer filed a Petition to Terminate, alleging that Tynan had fully recovered from her work-related injury as of September 7, 1990. Tynan filed no answer to the Employer's petition.

At a hearing before the referee, Employer offered the medical report of Barry L. Riemer, M.D., which Dr. Riemer wrote after he examined Tynan on September 7, 1990. Tynan offered no evidence on her own behalf and, in fact, did not appear at the hearing before the referee, either personally or through counsel.[2]

1. This matter was assigned to the author on September 14, 1993.

2. The referee specifically found that Tynan was sent notice of the hearing at her last known address on December 14, 1990 and March 28, 1991; Tynan failed to notify the referee of any reason preventing her appearance at the hearing. (Referee's Finding of Fact No. 5.)

Dr. Riemer's report recounted Tynan's medical history, including a record of her prior treatment, and provided the results of his own physical examination. The referee found these portions of Dr. Riemer's report believable and credible, repeating them practically verbatim in Finding of Fact No. 4. However, the referee did not believe or accept Dr. Riemer's diagnosis and conclusion, stated in his medical report as follows:

[Tynan] has completely recovered from her ligamentous wrist injury and her triangular fibrocartilage injury. She does not have a residual disability based on her injury at work. She has a residual disability based on her shoulder problem and her ulnar neuropathy. Her ulnar neuropathy should be treated operatively, and she was at one point in time scheduled for that. It is not, however, related to her fall at work.

(Report of Dr. Barry L. Riemer of 9/7/90 at 2.)

Based on these findings, the referee denied Employer's petition, concluding that Employer failed to satisfy its burden of proof because it did not present competent, credible, substantial and unequivocal evidence that Tynan's compensable disability had terminated on September 7, 1990. (Referee's Conclusions of Law, Nos. 3 and 4). Employer appealed to the WCAB.

According to the WCAB, the sole issue on review was whether the referee capriciously disregarded the only evidence in the record, that being Dr. Riemer's medical report. In its opinion, the WCAB stated that where the burdened party is the only party to present evidence and does not prevail before the referee, the WCAB's scope of review is limited to determining whether the referee erred as a matter of law or capriciously disregarded the only *competent* evidence of record citing *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). Based on this standard of review, the WCAB reversed the referee and granted Employer's

termination petition,[3] concluding that the referee, without offering any explanation, had arbitrarily and capriciously disregarded Dr. Riemer's report regarding Tynan's recovery. The WCAB reasoned that because Tynan failed to offer any evidence, the referee had no source to support his determination that Dr. Riemer lacked credibility.

Tynan raises three arguments on appeal to this court.[4] First, Tynan contends that the WCAB erred in applying the capricious disregard standard to its review of the referee's decision. Second, Tynan asserts that the WCAB usurped the referee's role as fact finder by substituting its own credibility determination of that of the referee's. Last, Tynan claims that the WCAB violated her right to due process by rendering its decision without providing her with notice of the WCAB hearing.

As to the first issue, Tynan asserts that an employer has the burden of proof in a termination case but concedes that only Employer in this case attended the hearing before the referee. However, Tynan points out that the only evidence Employer offered in support of its petition to terminate was hearsay evidence, in the form of an uncorroborated medical report. Relying on *Gallick v. Workmen's Compensation Appeal Board (Department of Environmental Resources, Bureau of Human Resources Management)*, 108 Pa.Commonwealth Ct. 617, 530 A.2d 945 (1987), Tynan argues that because such evidence,

3. In its order, the WCAB also amended Finding of Fact No. 1 of the referee's decision to read September 7, 1990, instead of September 7, 1991. Tynan acknowledges that the 1990 date is correct.

4. Where the burdened party is the only party to present evidence and does not prevail before the referee, the standard of review of this Court, as well as the Workmen's Compensation Appeal Board, is to determine whether the referee erred as a matter of law or capriciously disregarded competent evidence. Even though the appeal to this Court is from the decision of the Board, we are reviewing, in essence, the decision of the referee under the same standard of review as that utilized by the Board. *Czap v. Workmen's Compensation Appeal Board (Gunton Corp.)*, 137 Pa.Commonwealth Ct. 612, 587 A.2d 49, *petition for allowance of appeal denied*, 527 Pa. 654, 593 A.2d 425 (1991). However, the standard of review, in this respect, is only one element of our review. *See Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

even if accepted by the referee, was insufficiently competent to support Employer's termination petition, the WCAB applied the capricious disregard standard inappropriately here.

Although the WCAB viewed this as a case of capricious disregard of evidence,[5] and Tynan likewise frames the issue generally as a challenge to the WCAB's application of that standard of review, the precise and relevant issue here is not whether the WCAB utilized the correct review standard. Rather, the determinative inquiry is whether Employer presented adequate competent evidence to meet its burden of proof in the first instance because the only evidence adduced to support the Employer's burden of proof was incompetent hearsay. If there was no competent evidence presented to the referee on this crucial issue of Tynan's present disability because it was hearsay evidence, then whether or not the referee chose to accept it or disregard it for some other reason is totally irrelevant.

As acknowledged by the Employer in its brief at page 2:

[T]he *only* evidence offered (and offered by the Defendant/Employer) was the report of Barry L. Riemer, M.D., dated 9/7/90, and it is significant to note that the Claimant filed no Answer to the subject Petition for Termination, failed to appear for either of the two hearings scheduled and conducted by the Referee, and, despite having received notice of said hearing, offered no excuse for her nonattendance.

(Emphasis in original.)

These facts are exactly the same as those presented in *Gallick*, where, as here, the procedures were initiated by an employer's filing of a petition to terminate. Unlike *Gallick*, the referee in this case denied the employer's petition to

---

**5.** The WCAB's opinion, page 2, states:

The **sole** issue is whether the Referee capriciously disregarded the only medical evidence in the record, that being evidence from Defendant's medical expert. The Defendant presented a medical report from its medical expert, Dr. Barry Riemer. No other testimony was taken.

terminate.[6] But the issue is the same and the principles to be applied are identical, and those issues resolve into the answer to the question: was there sufficient competent evidence in the record before the referee on behalf of the employer to support its termination petition? And the answer here, as in *Gallick*, is identical: if the only evidence presented by the employer is incompetent hearsay, even though it is admitted without objection, if it is not corroborated by other competent evidence, it cannot support a finding that the claimant has completely recovered, *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Commonwealth Ct. 522, 367 A.2d 366 (1976), and the employer has, therefore, failed to overcome its burden of proof. *Gallick*.

The Employer argues that it would be "patently unjust" to exclude such hearsay evidence, offered without objection by a claimant who refuses or neglects to appear before the referee. Employer's argument in this regard is worth repeating verbatim:

> *The logical extension of these holdings, (Gallick and Walker) however, makes it a practical impossibility for a Defendant/Employer to prevail in any termination attempt where the Claimant fails to appear and defend, and subjects such a Defendant/Employer to a burden which it should not be forced to suffer.*

> While the Defendant/Employer's medical evidence in this case may be characterized as 'hearsay'—an out-of-Court declaration offered for the truth of its contents—*no objection* was made to its admission into evidence here, the Claimant having failed to appear. The usual 'cure' to a hearsay objection, of course, is to make the witness available for cross examination—a fruitless exercise where, as here, the Petition for Termination was wholly uncontested, no Answer filed by the Claimant, and no appearance made by her or on her behalf. How then, your Respondents ask,

---

**6.** This accounts for the different standard of review utilized in *Gallick* where the referee granted the employer's petition to terminate and, therefore, the WCAB, and this Court, applied the substantial evidence test.

can such 'hearsay' be 'corroborated by other competent evidence of record' if competence is equated with the right to cross examine, where any other evidence which the Defendant/Employer might offer in a case such as this, would be met only by an 'empty chair'? Accordingly, your Respondents suggest, this Court's prior holdings in *Gallick* and *Walker*, supra., should, and must, be overturned, at least in a case such as this, where the Claimant, by her absence, renders it impossible for the Defendant/Employer to 'cure' any hearsay objection (even though not lodged!).

(Employer's Brief at 4–5.) (Emphasis in original.)

The response we offer to the Respondent/Employer is quite basic: A litigant's burden of proof does not rise, nor is it lowered, by the quality of the litigant's adversary. This "burden which it should not be forced to suffer" is the production of competent evidence to support its burden; here, the proffer of expert medical testimony, either live or by deposition, that establishes that which the employer must prove, *i.e.*, that the claimant has fully recovered and is capable of returning to work. The rationale of why this "burden" is one "an employer should not be forced to suffer" escapes this Court. How can an attorney's case be more difficult if his/her adversary doesn't appear? What is so "impossible" about scheduling the doctor to testify before the referee or the deposition of your medical expert and notifying the claimant? [7] The witness is fully available for cross-examination.

Moreover, under the provisions of Section 422 of the Act,[8] where the claim for compensation involves a disability of twenty-five weeks or less, medical and other reports are admissible without the need for sworn testimony and these hearsay medical reports are quite proper in a termination case. *See Gonzalez v. Workmen's Compensation Appeal Board (Penn Pad Co.)*, 143 Pa.Commonwealth Ct. 177, 598 A.2d 650 (1991).

7. *See* 34 Pa.Code §§ 131.62–131.66 (rules governing the use of depositions before the referee).

8. The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 835.

Therefore, having concluded that the referee was correct in denying Employer's petition to terminate,[9] we reverse the judgment of the WCAB and reinstate the referee's decision, which will result in the reinstatement of Tynan's benefits. Having disposed of the appeal on Tynan's first issue, there is no need to address her two additional issues.

## ORDER

NOW, March 9, 1994, the order of the Workmen's Compensation Appeal Board, dated February 24, 1992, is reversed and the order of the referee, dated March 29, 1991, is reinstated.

FRIEDMAN, Judge, concurring.

Based on *Gallick v. Workmen's Compensation Appeal Board (Department of Environmental Resources, Bureau of Human Resources Management)*, 108 Pa.Commonwealth Ct. 617, 530 A.2d 945 (1987), I too would reject Employer's only offered evidence as uncorroborated hearsay and would hold that for lack of substantial competent evidence in the record, Employer failed to meet his burden of proving that Tynan's work-related disability ceased on September 7, 1990. However, although I agree with the majority's result on the relevant issue in this case, I write separately to note my belief that the majority utilized the incorrect standard of review to arrive at that result. Instead, I agree with Tynan, albeit for different reasons, that the substantial evidence standard applies here.

We recently reconsidered our varying standards of review in *Iacono v. Workmen's Compensation Appeal Board (Chester Housing Authority)*, 155 Pa.Commonwealth Ct. 234, 624 A.2d 814 (1993).[1] In *Iacono*, the WCAB reversed a referee's denial

9. This Court may affirm a final adjudication of an administrative agency (referee) if that ruling is correct, even though an erroneous reason underlies the decision, where the basis for our ruling and order are clear upon the record. *Hankinson v. Department of Public Welfare*, 56 Pa.Commonwealth Ct. 307, 424 A.2d 625 (1981).

1. Where the burdened party is the only party to present evidence and does not prevail before the referee, the WCAB and this court must determine whether the referee erred as a matter of law or capriciously disregarded competent evidence. *Czap v. Workmen's Compensation*

of an employer's termination petition, reasoning that because the employer was the only party to present medical evidence relating to the cause of the claimant's disability, thereby presenting the only competent evidence on that issue, the capricious disregard standard applied. We disagreed. Determining that review under the substantial evidence test was proper, we reversed the WCAB and reinstated the referee's denial. In reaching this conclusion, we initially set forth the principles governing termination proceedings, stating:

> [A]n employer seeking to terminate workmen's compensation benefits bears the burden of proving either that the employee's disability has ceased, or that any current disability arises from a cause unrelated to the employee's work injury. *McGee v. L.F. Grammes & Sons,* 477 Pa. 143, 383 A.2d 864 (1978); *Central Pennsylvania Community Action, Inc. v. Workmen's Compensation Appeal Board (Probeck),* 103 Pa.Commonwealth Ct. 278, 520 A.2d 112 (1987); *McGinley v. Workmen's Compensation Appeal Board (Acme Markets, Inc.),* 77 Pa.Commonwealth Ct. 214, 465 A.2d 147 (1983). "This burden is considerable, for disability is presumed to continue until demonstrated otherwise." *Olivetti Corp. v. Workmen's Compensation Appeal Board (Robinson),* 75 Pa.Commonwealth Ct. 584, 586, 462 A.2d 934, 936 (1983), quoting *Workmen's Compensation Board ex rel. Mailka v. F.W. Woolworth Co.,* 19 Pa.Commonwealth Ct. 413, 415, 338 A.2d 784, 785 (1975). Thus, once a claimant establishes his right to benefits, those benefits remain in effect unless and until the employer satisfies its burden of proving entitlement to termination. *Olivetti.* There is no burden on the claimant to prove anything at all. *Probeck.* In essence, in order to prevail in a termination action, the employer must *disprove* the claimant's existing, continuing right to benefits, in support of which the claimant has

*Appeal Board (Gunton Corp.),* 137 Pa.Commonwealth Ct. 612, 587 A.2d 49 (1991). When both parties present evidence before the factfinder, however limited, that scope of review is limited to determining whether constitutional rights have been violated, an error of law committed, or whether any necessary finding of fact is unsupported by substantial evidence. *Lautek Corp. v. Unemployment Compensation Board of Review,* 138 Pa.Commonwealth Ct. 547, 588 A.2d 1007 (1991).

already established that his injury arose in the course of his employment and was causally related thereto. *See Halaski v. Hilton Hotel*, 487 Pa. 313, 409 A.2d 367 (1979).

*Iacono*, 155 Pa.Commonwealth Ct. at 241–42, 624 A.2d at 817–18.

Applying these principles, we determined that in a termination proceeding, the presumption of an employee's continuing disability and its causal connection to his employment, having been established previously in conjunction with his initial receipt of benefits, constitutes evidence before the referee. Based on this determination, we concluded in *Iacono* that the claimant's failure to present competent evidence regarding the cause of his disability was irrelevant in a termination proceeding. We reasoned that because this causal connection had already been acknowledged by his employer through the payment of worker's compensation benefits,[2] competent evidence regarding the cause of his continuing pain already existed before the factfinder.

Here too, Dr. Riemer's report was not the only evidence before the factfinder; the referee also had pre-existing evidence in support of Tynan. Because this was a termination proceeding, the existence of Tynan's work-related disability was evidence before the factfinder, which Employer had to disprove in order to end benefits. Indeed, because the unburdened party always has this evidence before the referee in a termination proceeding, I believe that application of the capricious disregard standard is never appropriate in such cases.

In fact, application of the substantial evidence standard of review is even more clearcut here than in *Iacono*. Because the only evidence offered by Employer was incompetent hearsay, Employer was in the position of having offered no evidence at all. We have held that when the party without the burden of proof does not present any *competent* evidence, it is as if that party presented no evidence at all. *See Kondrat v.*

2. Iacono received benefits pursuant to a Notice of Compensation Payable; however, in *Iacono,* we specifically noted that the same causal connection was established whether the claimant received benefits in this manner or as a result of a referee's determination of eligibility.

*Workmen's Compensation Appeal Board (Westinghouse Electric Corp.),* 145 Pa.Commonwealth Ct. 428, 603 A.2d 689 (1992). The same principle must apply to the burdened party. Thus, unlike the situation in *Iacono,* the referee here had only the evidence of the *unburdened* party to consider, making the capricious disregard standard inapplicable.