646 A.2d 1272

**HILLS DEPARTMENT STORE # 59, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (McMULLEN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 11, 1994.

Decided Aug. 1, 1994.

Reargument Denied Oct. 4, 1994.

Gregory D. Geiss, for petitioner.

Thomas P. Lang, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

Hills Department Store # 59 (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision to deny Employer's modification petition. We affirm.

While working for Employer, Cynthia A. McMullen (Claimant) sustained an injury to her ankle for which she received compensation for total disability pursuant to a Notice of Compensation Payable. Subsequently, Employer allegedly offered Claimant sedentary work, believing that Claimant could perform such work despite her injury. However, Claimant did not return to work for Employer. Employer then filed a petition for modification of compensation alleging that (1) Employer had offered work to Claimant, which Claimant's treating physician and an independent medical examiner had approved as medically suitable for Claimant, and (2) Claimant rejected that offer.

Hearings were held in front of a referee at which both parties presented evidence. Claimant testified concerning her condition, the pain she experiences due to the injury, and the alleged employment offered by Employer, claiming that she

did not reject any offer. (R.R. at A31–49.) Employer presented contrary evidence as to the job offer and medical evidence that Claimant was cleared for sedentary work and could have performed the work offered to her. (R.R. at A70–87, A121–136.) Following those hearings, the referee made the following pertinent findings of fact and conclusions of law:

## FINDINGS OF FACT

1. The Claimant in this matter was injured on December 5, 1986 with the Notice of Compensation Payable describing the injury as an ankle sprain. The Claimant, over the course of years has been examined by and treated by many physicians specializing in various fields of medicine, and none have been successful in curing the Claimant.

2. The Claimant, in this matter was allegedly offered work which was available at Hills Department Store. The record is replete with information concerning Claimant's reporting to the person to whom she was to report, having been dismissed, and some other person, having the obligation to contact her within several weeks, and such contact never having been made.

3. The Defendant presented one Michael Thomas, who testified on February 20, 1991. During the course of his testimony, he described himself as holding several different positions at Hills, due to the fact that the store was on the verge of closing. In fact Ms. McMullen was supposed to report to discuss a job with a person who was not available, and possibly had been dismissed by Hills before the scheduled meeting. Following this contact, she was to be advised by another party concerning the job opening, and this contact never occurred.

4. The Defendant, in support of its position, presented the testimony of Dr. Peter J. VanGiesen, who after examination testified that the Claimant walked with a limp, that her problem was reflex sympathetic dystrophy, and a neuroma of the seral nerve. Although Dr. VanGiesen agreed that the Claimant probably could do sedentary work, he advised against prolonged standing. Dr. VanGiesen testified that

she could not stand, could not walk or could not drive, and in those areas, he agreed that that was his statement. In addition, he stated that exposure to cold would probably cause the Claimant considerable difficulty.

. . . .

## CONCLUSIONS OF LAW

1. The Defendant has not met its burden of proof, Claimant not being totally recovered from her work injury, and the Defendant having failed to prove that there was suitable work available to the Claimant.

2. The Defendant has failed to meet its burden, and the testimony of the witnesses presented by the Defendant at the hearings conducted is found to be incredible and of no value in disposing of this Petition.

(Referee's Findings of Fact Nos. 1–4; Referee's Conclusions of Law Nos. 1 & 2; R.R. at A9.) Based on these findings and conclusions, in which Employer's own medical expert confirmed Claimant's serious medical condition, the referee denied Employer's modification petition.

Employer appealed to the Board, which affirmed the referee's decision and concluded "that the Referee's Findings of Fact are supported by substantial evidence and she has made no error of law." (Board's Opinion at 3.)

■ Employer now asks us to decide whether the Board erred in affirming the referee's decision.[1] Employer argues that it met its burden of proof because: (1) Claimant admitted

---

1. Both parties make reference to the "capricious disregard" standard of review. However, that standard does not apply here.

 Where the party with the burden of proof is the *only* party to present evidence and yet loses before the factfinder, the appropriate standard of review is the "capricious disregard" test. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). A capricious disregard of evidence will be found when there is a willful and deliberate *disregard* of competent testimony and relevant evidence which one of ordinary intelligence could not possible have avoided in reaching a result. [Footnote omitted.] (Emphasis in original.)

 However, when both parties present evidence before the factfinder, *however limited*, our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law

that she had notice of Employer's employment offer and (2) Employer established that Claimant was medically cleared for this sedentary employment by unequivocal medical testimony, and the referee erred in concluding otherwise by basing her conclusion on statements by the testifying physician taken out of context. Because none of the Employer's relevant evidence was found credible, we are constrained to agree with the referee and Board that Employer failed to satisfy its burden of proof.

 In workers' compensation cases, the referee is the ultimate fact-finder, who must determine witness credibility and evidentiary weight. *Buczynski v. Workmen's Compensation Appeal Board (Richardson–Vicks, Inc.)*, 133 Pa.Commonwealth Ct. 532, 576 A.2d 421 (1990). In this role, the referee freely evaluates the evidence offered and can accept or reject any witness' testimony in whole or in part, including that of medical witnesses. *Northeastern Hospital v. Workmen's Compensation Appeal Board (Turiano)*, 134 Pa.Commonwealth Ct. 164, 578 A.2d 83 (1990). Here, the referee specifically concluded that Employer's relevant evidence was not credible and of no value in disposing of the petition. (Referee's Conclusion of Law, No. 2.)

 While this court can and should consider the competency and sufficiency of evidence presented before a referee, the referee's assessment of witness credibility is not subject to review on appeal. *Regent Bottling Co. v. Workmen's Compen-*

committed, or whether any necessary finding of fact is unsupported by substantial evidence. *Lautek Corp. v. Unemployment Compensation Board of Review*, 138 Pa.Commonwealth Ct. 547, 588 A.2d 1007 (1991). Substantial evidence is that quantum of relevant evidence which a reasonable mind would deem adequate to support a conclusion. *Czap v. Workmen's Compensation Appeal Board (Gunton Corp.)*, 137 Pa.Commonwealth Ct. 612, 587 A.2d 49 (1991), appeal denied, 527 Pa. 654, 593 A.2d 425 (1991).... [T]here is no requirement that this "evidence" include medical testimony. (Emphasis added.) *Iacono v. Worker's Compensation Appeal Board (Chester Housing Authority)*, 155 Pa.Commonwealth Ct. 234, 240, 624 A.2d 814, 816–817 (1993), *aff'd per curiam*, 536 Pa. 535, 640 A.2d 408 (1994).

Because both parties presented evidence before the factfinder, however limited, we must apply the substantial evidence standard when reviewing the referee's decision. *Lautek.*

*sation Appeal Board (Reese)*, 10 Pa.Commonwealth Ct. 8, 309 A.2d 265 (1973). We are precluded, in our appellate role, from reweighing evidence or substituting our credibility determinations for those of the referee; instead, we are limited to determining whether the evidence *believed by the referee* is sufficient to support her findings and conclusions. *Lehman v. Workmen's Compensation Appeal Board (Temple University Hospital)*, 64 Pa.Commonwealth Ct. 381, 439 A.2d 1362 (1982). Here, Employer offered medical testimony which, if believed, was sufficient to satisfy its burden of proof; however, although we may have concluded differently, the fact remains that the referee rejected the testimony on grounds that it was not credible. Because Employer failed in its burden to persuade the referee, Employer could not prove that the work offered to Claimant was medically suitable.

Accordingly, we must affirm.

## ORDER

AND NOW, this 1st day of August, 1994, the order of the Workmen's Compensation Appeal Board, dated June 22, 1993, is affirmed.