598 A.2d 650

**Edwin GONZALEZ, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PENN PAD COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 30, 1991.

Decided Oct. 22, 1991.

Daniel J. Siegel, for petitioner.

Matthew L. Wilson, for respondent.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) terminating workmen's compensation benefits payable to Edwin E. Gonzalez (Claimant). We affirm.

The record in this case is unusually sparse. The facts are as follows. Claimant was collecting workman's compensation benefits pursuant to an injury which occurred on February 20, 1989. On May 17, 1989 Penn Pad Co. (Employer) filed a petition to terminate benefits as of April 12, 1989, alleging that Claimant had experienced a full recovery. No answer was filed. A hearing was set for 9:00 a.m. on July 19, 1989. Notice was sent to the parties at their current addresses but the Claimant failed to attend the hearing. Employer did appear, however, and offered a letter dated June 9, 1989 from Barbara A. Frieman, an orthopedic surgeon and a medical report of physical finding dated April 12, 1989.

Based only on the physician's letter and medical report, the referee determined that Claimant had experienced a full

recovery from his February 20, 1989 injury as of April 12, 1989. Our scope of review in a workmen's compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990), *petition for allowance of appeal granted*, 527 Pa. 594, 588 A.2d 915 (1991).

█ If there is sufficient relevant evidence in the record as a whole that a reasonable mind might accept as adequate to support a conclusion, the evidence is substantial, and we must endorse the referee's findings. *Id.* In making this determination, we will not engage in reweighing the testimony of contradicting witnesses, nor resolve the issue of which witnesses are more credible. Matters of credibility are for the referee, whom we continue to regard as the ultimate fact-finder. *Id.*

Claimant appeals the termination of his benefits raising these issues: 1) that the referee erred by conducting a hearing without the Claimant present since the Claimant allegedly did not receive notice, and 2) that the record does not contain substantial evidence to support the findings made by the referee.

█ Claimant's first assignment of error is without merit, since the referee determined that notice of the hearing was sent to the Claimant at the address of record. That address was the same one to which compensation checks were being mailed. Consequently, Claimant had notice of the hearing and must bear the consequences of his failure to attend.

█ Claimant's second assignment of error is likewise without merit. The Claimant argues that there is insufficient evidence in the record to substantiate the referee's finding that he recovered from his injury on February 20, 1989. He argues that such a finding cannot be based only on the medical reports in the record. Where a claim for

compensation at issue before a referee involves 25 weeks or less of disability, however, such records are admissible. Section 422 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 835; *Vital Signs Institute, Inc. v. Workmen's Compensation Appeal Board (Burke and Humetrics Corp.)*, 114 Pa.Commonwealth Ct. 191, 538 A.2d 617 (1988). This rule applies not only to initial claim petitions, but also to termination petitions. In the matter now before this Court, the Claimant was injured on February 20, 1989 and the Employer petitioned to terminate the benefits on May 17, 1989 alleging a full recovery as of April 12, 1989, and benefits were paid pursuant to a voluntary notice of compensation payable. Under these circumstances, it was appropriate for the referee to admit the doctor's reports into evidence and base his conclusions thereon.

Accordingly we affirm.

## ORDER

AND NOW, this 22nd day of October, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.