643 A.2d 768

**KORNER GARAGE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BROWN, Jr.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted April 22, 1994.

Decided June 2, 1994.

Jennifer A. Kline, for petitioner.

Leah B. Graff, for respondent.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Korner Garage (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that reversed a referee's denial of specific loss compensation to Dale R. Brown, Jr. (Claimant). We reverse.

On June 25, 1990, Claimant, an auto mechanic, sustained an injury to his left eye while in the course of his employment at Employer's garage. Compensation benefits were paid to Claimant for approximately six weeks in addition to all medical costs. On August 6, 1990, Claimant returned to work at no

loss of earnings, with benefits suspended.[1] On January 31, 1991, Claimant filed a petition for compensation requesting specific lost benefits for total loss of use of his left eye.[2]

Following a hearing, the referee refused to grant Claimant's petition. The referee ruled that Claimant had failed to meet his burden of proof to show that he had sustained a total loss of use of his left eye for all practical intents and purposes.

The Board reversed holding that the referee's decision was not based on substantial evidence.

On appeal before this Court, Employer argues that the Board erred in holding that substantial evidence did not exist in the record to support the referee's decision. We agree.[3]

■ This Court, in *Hershey Estates v. Workmen's Compensation Appeal Board*, 9 Pa.Commonwealth Ct. 470, 308 A.2d 637 (1973), held that the standard for determining whether there exists a loss of an eye for compensation purposes is whether the eye is lost for all practical intents and purposes and not whether the claimant in fact has vision in the eye. Compensation, therefore, may be awarded if the use of the injured eye does not contribute materially to Claimant's overall vision. *See also Tesco Tank Center, Inc. v. Workmen's Compensation Appeal Board (Zmarzley, Jr.)*, 107 Pa.Commonwealth Ct. 469, 528 A.2d 1036 (1987).

In order to meet his burden of proof, the Claimant must show that his injured left eye *does not* "contribute materially" to his overall vision. If there is evidence to indicate that his

1. We have found in the record a final receipt signed by Claimant. However, both parties implicitly agreed, and the referee found as fact, that there was a suspension of benefits. As Employer has not used the final receipt as a defense, nor have the referee or Board addressed its presence, we shall not consider the final receipt as dispositive of Employer's termination of liability.

2. This type of claim is statutorily created under Section 306(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513.

3. Our scope of review is limited to determining whether an error of law has been committed, findings of fact are supported by substantial evidence or constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

left eye does "contribute materially" to his overall eyesight, as here, then Claimant cannot receive specific loss benefits for his injured left eye.

The referee determined that Employer's medical expert, Frederick Kremer, M.D., an ophthalmologist with a sub-specialty in corneal surgery,[4] presented more credible and persuasive testimony than that of Thomas Pheasant, M.D., Claimant's medical expert.

■ The Board, in reversing the referee, found that Dr. Kremer's testimony failed to supply the substantial evidence[5] needed in order to affirm the referee's findings of fact. The Board placed emphasis on Dr. Kremer's failure to testify unequivocally that Claimant's injured left eye does materially contribute to Claimant's overall vision. The Board found as fatal Dr. Kremer's testimony that Claimant's vision in his injured eye did not detract from Claimant's overall vision. The Board, therefore, concluded that the referee was in error in choosing to give greater weight to Employer's medical expert.

■ This Court has continually upheld a referee's broad discretion in considering evidence. If the Board takes no additional evidence, the referee is the final arbiter of the credibility and weight of the evidence. *Volkswagen of America v. Workmen's Compensation Appeal Board (Russell)*, 143

---

4. The referee's Finding of Fact 8 states:

   Dr. Kremer testified that the Claimant was quite fortunate that his injury affected only one of the four quadrants of peripheral vision. He testified that Claimant could compensate for the loss quadrant by virtue of the vision from his right eye. Dr. Kremer also testified that Claimant retains the ability to judge distances and he disagreed sharply with Dr. Pheasant that the injured eye results in visual confusion. Dr. Kremer explained that there was no testimony by the Claimant that would indicate visual confusion and that there was nothing on examination to indicate that the injured eye detracted from Claimant's overall vision.

5. That which is sufficient relevant evidence in the record and as a whole is such that a reasonable mind might accept as adequate to support a conclusion. *Gonzalez v. Workmen's Compensation Appeal Board (Penn Pad Co.)*, 143 Pa.Commonwealth Ct. 177, 598 A.2d 650 (1991).

Pa.Commonwealth Ct. 69, 598 A.2d 602 (1991). This Court has also held that the referee may additionally disregard the testimony of any witness even though that testimony is uncontradicted. *Id.*

■ Our review of the record reveals that Dr. Kremer's testimony is not only unequivocal [6] but also clearly contains testimony which would allow the referee to conclude that Claimant's injured left eye contributes materially to his overall vision.[7]

The Board, in reaching its decision to reverse the referee, cited *Neshaminy Construction Co. v. Workmen's Compensation Appeal Board (Martin)*, 43 Pa.Commonwealth Ct. 357, 402 A.2d 1111 (1979), as standing for the proposition that where a claimant's peripheral vision is blurred and can only provide "getting around vision," such limited vision does not contribute materially to Claimant's overall vision. The Board has clearly misunderstood our holding in that case. In *Neshaminy*,[8] we affirmed a referee's finding that one medical witness was more credible than another. The referee, here, did precisely the same thing. As previously discussed, the referee has a broad discretion in considering evidence. Our review of the record indicates that the referee, in this case, did not abuse that discretion.

Accordingly, we reverse the decision of the Board and reinstate the decision of the referee in its entirety.

**6.** The Board, in its opinion, concludes that Dr. Kremer's testimony is equivocal. Yet, the Board fails to address specifically what inconsistencies exist in Dr. Kremer's opinion which lead it to that conclusion.

**7.** Dr. Kremer testified, in pertinent part:

Q. Doctor, in your opinion, does the injured eye contribute in a material fashion to Mr. Brown's overall vision?
A. Yes.
Q. In your opinion, Doctor, is Mr. Brown able to see better when using both eyes than when using the uninjured eye alone?
A. Yes.
The March 12, 1992 deposition of Dr. Kremer, pp. 13–14.

**8.** Claimant, in *Neshaminy*, as here, sustained an injury to his left eye while in the course of employment and was seeking specific loss benefits.

## ORDER

AND NOW, this 2nd day of June, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and the decision of the referee is reinstated in its entirety.