McCONWAY & TORLEY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (FELICI-ANO), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 28, 1995.

Decided May 26, 1995.

Audrey Jacobsen, for petitioner.

Stanley M. Schwarz, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

McConway & Torley Corp. (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed as modified a referee's grant of Roberto Feliciano's (Claimant) three claim petitions and his penalty petition. We affirm.

Claimant, a laborer/grinder for Employer, was injured in the course of his employment. Thereafter, Claimant received benefits pursuant to a notice of compensation payable. On July 16, 1990, Claimant filed a claim

petition, alleging that Employer had illegally suspended his benefits and that he was entitled to penalties.[1] On February 6, 1991, Claimant filed a second claim petition which requested attorney's fees for Employer's action of filing a termination petition, which Employer withdrew. On December 18, 1991, Claimant then filed a third claim petition, requesting attorney's fees, alleging that Employer's conduct constituted an unreasonable contest of Claimant's claim petition and also Claimant filed a penalty petition for Employer's alleged violation of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

Following a hearing, the referee granted Claimant's three claim petitions and his penalty petition. The Board affirmed but modified the referee's decision to reflect Claimant's entitlement to compensation without the deduction of attorney's fees.

On appeal before this Court,[2] Employer essentially raises two issues.[3] First, Employer argues that substantial evidence does not support the referee's findings of fact allowing a grant of penalties to Claimant. Specifically, Employer alleges that the referee erred in finding that Employer was guilty of improperly suspending Claimant's benefits when all Employer did was inadvertently send Claimant three compensation checks[4] to Claimant's old address. We disagree.

The referee found that Employer knew Claimant's new address as early as January 1990, when Employer mailed various documents to this new address, even though in July 1990, Employer mailed the compensation checks to Claimant's old address. Further, the referee also found other violations of the Act committed by Employer which prompted the referee to award Claimant penalties, including: Employer's refusal to allow Claimant's counsel the ability to examine its files, improperly representing Claimant's absence at a scheduled physical examination when Claimant did indeed show up, as well as various incidences where Employer failed to provide information to the referee upon request.[5]

■ This Court has continually upheld the referee's broad discretion in considering evidence. If the Board takes no additional evidence, the referee is the final arbiter of the credibility and weight of the evidence. *Korner Garage v. Workmen's Compensation Appeal Board (Brown, Jr.)*, 164 Pa.Commonwealth Ct. 476, 643 A.2d 768 (1994). Further, the referee may additionally disregard the testimony of any witness even though that testimony is uncontradicted. *Id.*

■ Our review of the record reveals substantial evidence[6] to support the referee's findings that Employer improperly suspended Claimant's compensation benefits. Therefore, we will not disturb the referee's decision as to his award of penalties to Claimant under Section 435(d)(i) of the Act.[7]

---

1. The record below contains several supplemental agreements as well as a final receipt. As a result, the referee found that Claimant was totally disabled for the period of April 18, 1989 through September 24, 1989 and also from September 29, 1989 through December 10, 1989. Claimant thereafter returned to work at light duty through January 18, 1990. (Referee's Finding of Fact No. 7.)

2. Our scope of review is limited to determining whether an error of law has been committed, findings of fact are supported by substantial evidence or constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

3. Employer alleges eight separate and distinct issues in its brief before this Court. However, as each of these issues raise a different aspect of the referee's grant to Claimant of penalties and attor-

ney's fees, we have combined these eight issues into two issues.

4. The checks at issue were dated July 24, 1990, August 2, 1990 and August 16, 1990.

5. These incidences, among others, are thoroughly and clearly outlined throughout the referee's decision but specifically in Finding of Fact 77.

6. Substantial evidence is such relevant evidence in the record and as a whole is such that a reasonable mind might accept as adequate to support a conclusion. *Gonzalez v. Workmen's Compensation Appeal Board (Penn Pad Co.)*, 143 Pa.Commonwealth Ct. 177, 598 A.2d 650 (1991).

7. Section 435(d)(i) of the Act, 77 P.S. § 991(d)(i), states:

   Employers and insurers may be penalized a sum not exceeding ten percentum of the

Second, Employer alleges that the Board erred in granting Claimant attorney's fees under Section 440 of the Act, 77 P.S. § 996. This section provides that attorney's fees shall be awarded to the employee, if victorious, **unless** there was a reasonable basis for the contest. Whether a contest was reasonable is a conclusion of law subject to review by this Court. *Penczkowski v. Workmen's Compensation Appeal Board (Foster–Wheeler Energy Corp.)*, 97 Pa.Commonwealth Ct. 419, 509 A.2d 964 (1986). In this case, the referee specifically found that Employer did pursue an unreasonable contest in this matter.[8] When conflicting evidence, contrary to medical inferences, exists and no evidence exists concerning an employer's contest being frivolous or filed to harass the claimant, a reasonable contest has been presented. *Dworek v. Workmen's Compensation Appeal Board (Ragnar Benson, Inc. and National Union Fire Insurance Co.)*, 166 Pa.Commonwealth Ct. 512, 646 A.2d 713 (1994). However, in this case, no contrary medical evidence was presented and the referee found that Employer's contest was frivolous and further that its actions throughout the proceedings were "unreasonable, improper, willful and deliberate ..."[9]

As previously discussed, we find the record is replete with substantial evidence which supports the referee's findings that the Employer in this case pursued an unreasonable contest and therefore properly granted Claimant attorney's fees under the Act. Therefore, we find, as a matter of law, that the referee did not err in granting Claimant attorney's fees.

Accordingly, we affirm the decision of the Board.

### · ORDER

AND NOW, this 26th day of May, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty percentum in cases of unreasonable or excessive delays. Such penalties shall be payable to the same persons to whom the compensation is payable.

8. The referee's eighteen page decision thoroughly and clearly outlines the violations and actions of the Employer which resulted in the referee's determination.

9. In pertinent part from Conclusion of Law 16.