**William WEAVER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (STATE OF THE ART, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 6, 2002.

Decided Oct. 9, 2002.

Alexander J. Pentecost, Pittsburgh, for petitioner.

Kathy J. Mauk, Hollidaysburg, for respondent.

BEFORE: FRIEDMAN, Judge
LEADBETTER, Judge MIRARCHI,
Senior Judge.

OPINION BY Senior Judge
MIRARCHI.

William Weaver (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of a workers' compensation judge (WCJ) granting the termination petition of State of the Art, Inc. (Employer). We affirm.

On March 23, 1998, Claimant sustained a work-related injury while in Employer's employ. A notice of compensation payable (NCP) was issued, describing the injury as a left shoulder strain resulting from repetitive stress and providing for benefits payable to Claimant. On March 12, 2000, Employer filed a petition to terminate Claimant's benefits, alleging that he had fully recovered from the work injury as of March 17, 2000. Claimant denied the material allegations of the petition, and the matter was heard by the WCJ.

The parties stipulated that Claimant had returned to work with Employer at no loss of earnings on April 6, 2000. Claimant's work was eventually modified after his

physician gave additional restrictions. Because Claimant returned to work at no loss of wages, however, the WCJ granted Employer's request for supersedeas on May 11, 2000.

Employer presented the deposition testimony of Vincent Morgan, M.D., who examined Claimant on March 17, 2000. Dr. Morgan opined that Claimant had fully recovered from his work injury, that any ongoing complaints of pain are not attributable to the work injury, and that Claimant was capable of performing his pre-injury job. The WCJ found this testimony to be credible.

■ Claimant offered into evidence the medical report of D. Thompson, McGuire, M.D., with attached clinical notes. The WCJ, however, sustained Employer's hearsay objection and refused to admit the report into evidence. Based, therefore, on the credible evidence of Dr. Morgan's testimony, the WCJ granted Employer's termination petition. The Board affirmed, and this petition for review followed.[1]

■ Claimant argues that the WCJ erred by excluding from evidence Dr. McGuire's report and medical records pursuant to Section 422(c) of the Workers' Compensation Act.[2] Section 422(c) provides in pertinent part:

Where any claim for compensation at issue before a workers' compensation judge involves fifty-two weeks or less of disability, either the employe or the employer may submit a certificate by any health care provider as to the history, examination, treatment, diagnosis, cause of the condition and extent of disability,

1. This Court's scope of review is limited to determining whether the WCJ's necessary findings of fact are supported by substantial evidence or whether an error of law or a constitutional violation occurred. *ABF Freight Systems, Inc. v. Workers' Compensa-* *tion Appeal Board (Iten),* 744 A.2d 348 (Pa. Cmwlth.2000).

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 835.

if any, and sworn reports by other witnesses as to any other facts and such statements shall be admissible as evidence of medical and surgical or other matters therein stated and findings of fact may be based upon such certificates or such reports. Where any claim for compensation at issue before a workers' compensation judge exceeds fifty-two weeks of disability, a medical report shall be admissible as evidence unless the party that the report is offered against objects to its admission.

Claimant contends that because the issue in this case dealt not with his claim for disability, but rather only with whether his benefits would be terminated or would remain suspended, the WCJ erred by excluding the medical report from evidence. We disagree.

The WCJ determined that Employer's hearsay objection to Dr. McGuire's report "must be sustained on the basis that ... Claimant's present suspension status places the burden on [Employer] to reinstate temporary total disability benefits for a period potentially in excess of 52 weeks should work no longer be available to ... Claimant in the future." WCJ's Finding of Fact No. 14. On review, the Board stated that it had no legal precedent to support the proposition that medical reports alone are admissible in termination proceedings. Employer argues before us that Section 422(c) applies only to claim petitions.

We have previously determined that the admission of medical reports pursuant to the above-quoted paragraph of Section 422(c) applies to termination petitions as well as claim petitions. *Gonzalez v. Workmen's Compensation Appeal Board (Penn Pad Co.)*, 143 Pa.Cmwlth.177, 598 A.2d 650

(1991).[3]  Indeed, there is nothing in Section 422(c) that limits its applicability to claim petitions, and this section is part of Article IV of the Act, which sets forth provisions concerning procedure for proceedings on claim and all other petitions. The only issue, therefore, is whether Dr. McGuire's report was properly excluded from evidence because of the length of Claimant's disability.

Here, Claimant's "claim for compensation" clearly exceeded 52 weeks of disability. Claimant became disabled on or about March 23, 1998, and his disability, that is his loss of earnings, did not cease until April 6, 2000, over two years later. Thus, the above-quoted provision of Section 422(c) does not apply to the present case.

We understand that Claimant argues that he is not currently receiving disability benefits and that he is only seeking to continue a suspension of such benefits. Claimant's rationale, however, would result in the rule that in any workers' compensation case where the claimant's benefits have been suspended, *any* party may proceed or defend on the strength of a medical report alone because the issue of disability is purportedly not present. First, we have strongly rejected attempts by employers to proceed on their termination petitions on the strength of medical reports and records without supporting medical testimony. *See Tynan v. Workmen's Compensation Appeal Board (Associated Cleaning Consultant and Services, Inc.)*, 162 Pa.Cmwlth.393, 639 A.2d 856, *petition for allowance of appeal denied*, 539 Pa. 699, 653 A.2d 1236 (1994). Second, as the WCJ observed, a suspension of benefits may nonetheless result in Employer's liability for an indeterminate period of dis-

---

**3.** At the time *Gonzalez* was decided, Section 422(c) provided that the disability claim period was limited to 25 weeks or less for the rule permitting the admission of medical and other reports.

ability should Claimant suffer a subsequent wage loss.

As we have observed, the purpose of Section 422(c) is to promote efficiency in the administration of short-term benefit claims. *Ruth Family Medical Center v. Workers' Compensation Appeal Board (Steinhouse)*, 718 A.2d 397 (Pa.Cmwlth. 1998). Here, Claimant did not have a short-term benefit claim. As Employer was required to meet all elements of proving a termination petition for a "long-term" benefit claim, Claimant, should he choose to oppose the termination petition with additional evidence, was obligated to support his opposition with sufficient additional evidence. Because his claim for compensation exceeded 52 weeks of disability, Claimant could not rely upon a medical report alone after Employer objected to its admissibility.

Accordingly, the Board's order is affirmed.

### ORDER

AND NOW, this 9th day of October, 2002, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.