# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Billy Miller, III, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 507 C.D. 2023 |
| | : | SUBMITTED: June 3, 2025 |
| Integrity Staffing Solutions, Inc. | : | |
| (Workers' Compensation Appeal | : | |
| Board), | : | |
| Respondent | : | |

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE MATTHEW S. WOLF, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED:  July 28, 2025**

Billy Miller, III, Claimant, acting *pro se*, petitions for review from the order of the Workers' Compensation Appeal Board reversing the order of the Workers' Compensation Judge (WCJ) granting Claimant's reinstatement and review petitions. Also before us is Claimant's application to consolidate this case (hereinafter, "instant case" or *Miller 2023*) with a later-filed appeal from the Board's order affirming the WCJ's denial of Claimant's request for recusal; the later appeal is docketed at *Miller v. Integrity Staffing Solutions, Inc. (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 1830 C.D. 2024) (*Miller 2024*[1]). We affirm with

---

[1] We note that between the parties, the instant case is technically the *fourth* petition for review filed in this protracted litigation and that what we term "*Miller 2024*" is actually the *fifth* (the earlier matters are docketed as Nos. 1649 C.D. 2016, 549 C.D. 2019, 1723 C.D. 2019, 815 C.D.
**(Footnote continued on next page…)**

respect to the Board's reversal of the WCJ's decision to grant Claimant's reinstatement and review petitions and deny Claimant's application to consolidate *Miller 2023* and *Miller 2024*.[2]

This procedurally convoluted litigation stretches back to September 2014 when Claimant was injured at work. In December 2015, the WCJ granted Miller's claim petition, with a description of his injury as left ankle strain, right shoulder strain, inguinal strain, and thoracic back strain, and also granted the termination petition of Integrity Staffing Solutions, Inc., Employer. On appeal, the Board remanded the matter for clarification of the injury description and the nature of the right shoulder injury, and reconsideration of other issues. Upon remand, in an order issued in March 2017, the WCJ determined, *inter alia*, that Claimant sustained a partial right shoulder rotator cuff tear and left ankle strain, and that he had recovered from his work injuries as of January 22, 2015.

The WCJ's March 2017 decision was not timely appealed to the Board. Claimant explains that he wanted his lawyer at the time to appeal, and that the lawyer told him that he would do so, but no appeal was filed within the permitted time. Claimant filed an untimely appeal, which was quashed by the Board. Claimant then appealed to this Court, which also quashed. *See* Mem. and Order, *Miller v. Integrity Staffing Solutions, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 815 C.D. 2021, filed Dec. 21, 2021) (*per curiam*) (setting forth history of matter to that point and quashing appeal).

---

2021). As the earlier matters are now closed and have no bearing on these matters, we do not discuss them further.

[2] Claimant has recently filed a "motion for status conference or oral argument in support of application for consolidation of appeals." Because we deny the application and deem no status conference or argument necessary, we deny this motion as moot.

The round of litigation which culminated in the instant case began in September 2017, when Claimant filed reinstatement and review petitions, alleging that his condition had worsened, that his injury had caused a decrease in his earning power, and that the description of his injuries was incorrect. At an April 2018 hearing, Claimant attempted to submit over 90 exhibits. Employer objected to those exhibits and moved to dismiss the pending petitions based on the doctrine of *res judicata*. By an order entered in July 2018, the WCJ granted the motion to dismiss and Claimant appealed. In October 2019, the Board determined that *res judicata* did not apply to the reinstatement and review petitions, vacating and remanding to the WCJ to decide the reinstatement and review petitions on the merits. The WCJ then conducted further hearings and received evidence—discussed below—and issued a decision and order granting Claimant's reinstatement and review petitions in January 2022. The WCJ found that Claimant met his burden to amend his work injuries to include a labral tear and a lumbar disc herniation at the L3-4 and L4-5 vertebrae.

Employer and Claimant filed cross-appeals of the WCJ's January 2022 decision with the Board. In March 2023, the Board reversed the WCJ's decision, determining that the WCJ erred in accepting Claimant's hearsay medical records into the record over Employer's objection when Claimant was requesting disability beyond 52 weeks, relying upon Section 422(c) of the Workers' Compensation Act[3] and our decision in *Weaver v. Workers' Compensation Appeal Board (State of the*

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, added by Act of June 26, 1919, P.L. 642, 77 P.S. § 835. In its appeal to the Board, Employer did not specifically cite Section 422(c), but did assert generally under "Section 422" that the WCJ's findings of fact were not supported by substantial evidence and were inconsistent and not reasoned. The portion of Section 422 referred to by Employer is Section *422(a)*, which is codified as 77 P.S. § *834*. The Board treated the issue of the admissibility as being raised *sua sponte* ["Prior to reaching the merits of either appeal, we must first determine whether the WCJ erred in accepting" the medical evidence used to support its findings (Bd. Op. at 2)].

3

*Art, Inc.)*, 808 A.2d 604 (Pa. Cmwlth. 2002). In *Weaver*, we held that when a claimant's claimed disability has exceeded 52 weeks, and the opposing party objects, medical reports cannot be introduced without supporting medical testimony to prove disability. *Id.* at 606-07. Noting that Employer objected to the medical reports and that "Claimant did not make a request on the record to limit disability," the Board stated that it was "constrained to agree that under the plain meaning of the Act and *Weaver* that a medical report shall only be admissible as evidence when the opposing party did not object to its admission, as these petitions were a claim for compensation exceeding 52 weeks." (Bd. Op. at 3-4.) The Board continued, "[a]s Claimant did not introduce competent medical evidence, he could not meet his burdens of proof that his injury recurred or that his injury description should be expanded," (*id.* at 4), and stated in a footnote that "Claimant could have introduced his testimony in the case of an obvious injury, but he did not testify" (*id.* at 4 n.4). Claimant's appeal to this Court in the instant case ensued and is now ripe for disposition.

The litigation below continued,[4] with Claimant's filing of new petitions in June 2022: a new modification petition, a new review petition, a penalty petition, and a reinstatement petition. In the course of the newest round of litigation, Claimant requested that the WCJ recuse himself, which request was denied. Claimant appealed the WCJ's interlocutory order denying recusal to the Board, which affirmed. Claimant has filed a further appeal of that order in this Court, *Miller 2024*. As stated earlier, Claimant has recently filed an application to consolidate the two matters.

---

[4] The recitation of facts relating to the further litigation below is drawn from a decision and order of the Board attached to Claimant's ancillary petition for review in *Miller 2024*. The agency record of the further proceedings has not yet been received by the Court.

4

In the instant case, Claimant challenges the reversal of the WCJ's order on the basis of Section 422(c), contending that it should not apply because if the WCJ had not delayed Claimant's case by applying *res judicata* in the July 2018 decision, his claim would have "fallen into [the] 52[-]week time-frame." (Statement of Questions Involved ¶¶ 1-2, Claimant's Br. at 5.) The remainder of the statement of questions involved is not so much a concise statement of issues to be resolved, as required by Rule 2116(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 2116(a), but a disorganized statement of allegations of misconduct and requests for relief ("[the Board] ignored the bias shown by the WCJ and the lies told from my [E]mployer and their counsel"; "[s]hould the WCJ be ordered to recuse himself for showing bias? . . . The [Board's] remand in 2019 is evidence that this [D]epartment [of Labor and Industry] including commissioners [sic] are colluding into making this case go away, with[]out addressing underlining [sic] frauds in this case") and a *separate* listing of 11 "[s]econdary [q]uestions as [c]ivil [b]asic [r]ights have been violated."[5] (Claimant's Br. at 5-6.)

---

[5] The "secondary questions" listed are as follows:

1. Did [the] WCJ [] show a level of bias to warrant this case to be reviewed in whole?

2. Did my [E]mployer make false claims [of] job abandonment, MO [sic] or have secondary motives lies of [sic] to obtain a favorable decisions [sic]?

3. Did [the] WCJ [] stop claimant from testifying?

4. Did [the] WCJ [] ignore the ACT [sic] and laws?

5. Did the [Board] ignore the rules and laws of the ACT [sic]?

6. Was evidence withheld from [C]laimant?

**(Footnote continued on next page…)**

Further complicating review is noncompliance with other Rules of Appellate Procedure. Of particular note, Claimant's brief does not state the place of raising or preservation of the many issues set forth in the statement of the case or argument section, as required by Rules 2117(c) and 2119(e), Pa. R.A.P. 2117(c) and (e); is not divided into as many discrete parts as there are questions to be argued and lacks citation to authorities, as required by Rule 2119(a), Pa. R.A.P. 2119(a); and lacks references to the reproduced or unreproduced record, as required by Rule 2132, Pa. R.A.P. 2132. The "reproduced record" submitted attached to the amended brief is not a reproduction of any part of the agency record, but a summary of some items in the record with further argument.[6] Regardless of these nonconformities, we

> 7. Was an attempts [sic] to bring fraudulent activities wrongfully dismissed?
>
> 8. Was [the Board's] decision to accept a late motion to quash legal?
>
> 9. Was [the Board] right to conduct a hearing without me, on my appeal?
>
> 10. Was [the] Secretary [of Labor & Industry] in the right to deny me a hearing after no one showed up to a second scheduled hearing?
>
> 11. Was it right for [the] WCJ [] to make [two] medical decisions without evidence or deposition to back up his decisions?

(Claimant's Br. at 6.)

[6] Although not granted leave to proceed *in forma pauperis* in this matter, we take judicial notice that Claimant was granted such leave in another appeal related to the underlying case. *See* Order, *Miller 2024* (filed March 26, 2025). "If leave to proceed *in forma pauperis* has been granted to a party, such party shall not be required to reproduce the record." Pa. R.A.P. 2151(b). Construing Rule 2151(b) liberally would relieve Claimant of the obligation to file a reproduced **(Footnote continued on next page…)**

exercise our discretion and consider the merits insofar as we find the main question, the applicability of Section 422(c), to be dispositive.[7]

Section 422(a) of the Act requires that all findings of fact be based upon "sufficient competent evidence" and that all parties are "entitled to a reasoned decision." 77 P.S. § 384. Section 422(c) of the Act provides in pertinent part that "[w]here any claim for compensation at issue before a workers' compensation judge exceeds [52] weeks of disability, a medical report shall be admissible as evidence *unless the party that the report is offered against objects to its admission*." 77 P.S. § 835 (emphasis supplied). Claimant's initial claim was paid from the date of his injury, September 19, 2014, until January 21, 2015, when benefits were terminated. Thereafter, petitions for review and reinstatement were filed on September 21, 2017. The claim petition continues to be litigated, encompassing a claimed period of disability totaling a great deal more than 52 weeks.

At various junctures, Claimant attempted to enter into evidence more than 90 exhibits in support of his reinstatement and review petitions (several of these exhibits are actually pages of the same documents, which normally might be consolidated into exhibits consisting of the entire documents). The transcripts of the hearings before the WCJ show that Employer's counsel objected to the exhibits as hearsay when Claimant first attempted to introduce them. (Notes of Testimony

_____

record in the instant case. Nonetheless, Rule 2132(b) would still require citation to the reproduced record in Claimant's amended brief.

[7] We understand Claimant's frustration in attempting to navigate the workers' compensation system without representation. However, *pro se* litigants are held to the same rules and standards as licensed attorneys: "Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading." *Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1063 (Pa. Cmwlth. 2023) [quoting *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014)].

"N.T." April 2, 2018 at 20, Agency Record "A.R." at Item 26.) At the last hearing before the WCJ's decision of January 11, 2022, held telephonically on April 15, 2021, Employer objected to the admission of the exhibits submitted by Claimant: "since the record is reopened, I want to note for the record that I do object to the exhibits as hearsay, the medical records." (N.T. April 15, 2021 at 21, A.R. at Item 28.) What the Board characterized as Employer's objection was as follows: "As to ongoing benefits, you know, if he's limiting his benefits to 52 weeks yes, he can submit them by report." (*Id.* at 22.) Claimant did not so limit his claim and the Board properly recognized that it was error to admit the exhibits into evidence. *See Weaver*, 808 A.2d at 607 (medical report not admissible under Section 422(c) where claimant's benefits exceeded 52 weeks and employer objected to admission as hearsay).[8] As Claimant did not introduce competent medical evidence, he could not

---

[8] Claimant is correct that Employer did not object to the admission of his exhibits, insofar as it did not *at one juncture*. During a hearing held on May 28, 2020, during which Claimant again attempted to admit 93 exhibits, Employer declined to object. The following colloquy occurred:

> [WCJ:] Okay. Now, so [Claimant] filed [] [petitions to] [r]einstate and [r]eview. [Claimant] has submitted exhibits. What's your position on the first batch of exhibits that he sent in [], if you know?
>
> [Counsel for Employer:] I'm not sure how [Claimant] is going to proceed, Your Honor. *I don't have an objection to the exhibits*.

[N.T. May 28, 2020 at 11, A.R. at Item 27 (emphasis supplied).] The WCJ admitted those exhibits, "because they're medical records." (*Id.* at 37.)

Given the informality of the proceedings at the WCJ level, it is not totally clear to the Court whether the 90-plus exhibits mentioned at the May 2020 hearing constituted the same exhibits relied upon by the WCJ in his January 2022 decision. At the April 2021 hearing, the WCJ makes no reference to having admitted exhibits at the prior hearing but ultimately admitted the exhibits Claimant sought to enter at that time.

**(Footnote continued on next page…)**

meet his burden to show that his injury recurred or that his injury description should be expanded. Because this issue is dispositive, we do not address Claimant's other contentions.

The request to consolidate *Miller 2023* and *Miller 2024*, opposed by Employer, is governed by Pennsylvania Rule of Appellate Procedure 513, which provides as follows:

> Where there is more than one appeal from the same order, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal. Appeals may be consolidated by stipulation of the parties to the several appeals.

Pa. R.A.P. 513. Between these matters, there is no commonality in the orders appealed. *Miller 2023* appeals the Board's order reversing the WCJ's order granting Claimant's reinstatement and review petitions and *Miller 2024* appeals the Board's order affirming the WCJ's order denying Claimant's request to recuse in further litigation after the Board's earlier final order. Further, while Claimant attempts to raise as an issue the alleged bias of the WCJ in *Miller 2023*, that issue had not, by the Court's reading of the agency record, been litigated below prior to the filing of Claimant's petition for review. As the alleged bias of the WCJ in the later (*Miller*

At all events, assuming for the sake of argument that the exhibits were properly admitted, there was no evidence other than those exhibits entered. As we held in *Walker v. Unemployment Compensation Board of Review*, 367 A.2d 366 (Pa. Cmwlth. 1976), "[h]earsay evidence, *admitted without objection*, will be given its natural probative effect and may support a finding of the [b]oard, *if it is corroborated by any competent evidence in the record*, but a finding of fact based *solely* on hearsay will not stand." *Id.* at 370 (emphasis original). Here, there is no competent corroborating evidence. As noted by the Board, Claimant "could have introduced his testimony in the case of an obvious injury, but he did not testify." (Bd. Op. at 4 n.4.)

9

*2024*) matter is not properly before the Court with respect to *Miller 2023*, there are no common issues between the cases.[9]

In light of the foregoing, we affirm the order of the Board and deny Claimant's application to consolidate *Miller 2023* and *Miller 2024*.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[9] Although this is not dispositive, it is very late in the chronology of the instant case to request consolidation. Claimant's petition for review in *Miller 2024* was perfected days before the submission of briefs in *Miller 2023* on February 29, 2024 (Employer's Brief) and March 6, 2024 (Claimant's Amended Brief and Reproduced Record). In the intervening months, no action was taken seeking to consolidate the cases until the application was filed on May 22, 2025. To consolidate at this point would be both unfair to Employer and an inefficient use of the Court's resources.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Billy Miller, III,                          :
                    Petitioner             :
                                           :
        v.                                 :      No. 507 C.D. 2023
                                           :
Integrity Staffing Solutions, Inc.         :
(Workers' Compensation Appeal              :
Board),                                    :
                    Respondent             :

## **O R D E R**

AND NOW, this 28th day of July, 2025, the Order of the Workers' Compensation Appeal Board is AFFIRMED and Petitioner Billy Miller, III's Application to Consolidate the captioned matter with *Miller v. Integrity Staffing Solutions, Inc. (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 1830 C.D. 2024) (*Miller 2024*), is DENIED. Petitioner's Motion for Status Conference or Oral Argument in Support of Application for Consolidation of Appeals is DENIED AS MOOT.

The Prothonotary is DIRECTED to enter a copy of this order in the docket for *Miller 2024*: No. 1830 C.D. 2024.


**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita