IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Veronesi Building and Remodeling,   :
Inc.,   :
             Petitioner   :
  :
             v.   :
Workers' Compensation Appeal   :
Board (Corvin, Deceased, Corvin),   :   No. 2002 C.D. 2014
            Respondents   :   Argued: June 17, 2015

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge[1]
          HONORABLE BERNARD L. McGINLEY, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
          HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY           FILED: January 29, 2016

      Veronesi Building & Remodeling, Inc. (Employer) petitions from the order of the Workers' Compensation Appeal Board (Board) that affirmed the Workers' Compensation Judge's (WCJ) dismissal of Employer's Petition to Review and Suspend Anita Corvin's (Claimant) fatal claim benefits.[2]

## I. Petition To Review And Suspend Benefits.

      Employer's Petition to Review and Suspend Claimant's benefits alleged that "Claimant is capable of self-support and is no longer entitled to

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] Claimant is the surviving spouse of David Corvin (Decedent).

compensation benefits." Petition to Review and Suspend Benefits, August 28, 2012, at 1-2; Reproduced Record (R.R.) at 1a-2a.

Claimant filed an Answer and responded:

> It is denied Claimant widow is capable of self-support without her workers' compensation widow's death benefit entitlement as was awarded by the WCJ's Decision of April 28, 2000. It is further denied that supersedeas and/or the Suspension and/or the Review Petition is/are warranted or legally appropriate. Same should be denied and penalties and unreasonable contest fee awarded to Claimant.

Claimant's Answer, September 12, 2012, at 1; R.R. at 5a.

## II. The WCJ's Decision.

The WCJ made the following relevant findings of fact[3]:

> 1. Anita Corvin, the Claimant, filed a Fatal Claim Petition on December 22, 1997, and alleged that the Decedent [David Corvin] was involved in a fatal automobile accident on July 11, 1997.
>
> 2. In a Decision and Order circulated on April 8, 2000 the undersigned Workers' Compensation Judge granted the Claimant's Fatal Claim Petition. The Workers' Compensation Judge found the Claimant was living with her deceased husband [David Corvin] at the time of his death….Workers' compensation benefits were awarded.
>
> 3. On August 28, 2012 the Employer filed a Petition to Review and a Petition to Suspend workers' compensation benefits to the Claimant widow, Anita Corvin. The

---

[3] The parties agree that there is no dispute as to the facts and that the WCJ "bifurcated the legal issues presented from a decision on the merits." Brief of Claimant at 3.

averment of the Employer's petition is that the Claimant is capable of self-support so that her right to compensation has ceased.[4]

4. At the hearing held in this matter on October 3, 2012 the Claimant moved to dismiss the Employer's petition on the basis that the Section 307 [of the Workers' Compensation Act (Act)][5] remedy under which the Employer seeks relief is extinguished by operation of Commonwealth Court precedent in Oknefski v. Workers' [sic] Compensation Appeal Board (Louisiana Pacific Corporation), 439 A.2d 846 (Pa. Cmwlth. 1981)….

## DISCUSSION

Regarding the initial eligibility provision set forth above [Section 307(7) of the Act, 77 P.S. §562], Oknefski decided on equal protection grounds that a widower must be treated the same as a widow. Accordingly, a widower is initially eligible for compensation if he was living with his deceased wife at the time of her death or was then actually dependent upon her and receiving from her a substantial portion of his support. Following Oknefski, the Employer's remedy is to establish that a spouse is not initially eligible for benefits if he or she is capable of self-support at the time of his or her spouse's death and is not dependent upon the decedent for support was extinguished.

The Employer argues that the second clause found in Section 307(7), which provides benefits cease when a widower becomes capable of self-support, survives Oknefski. Clearly it does not, because to do so would perpetuate an equal protection violation. As stated by the Court: 'Moreover, extension of the widow's standard (in this case allowing no remedy of suspension of benefits of a widow allegedly capable of self-support) produces a less disruptive effect on the administration of the Act than invalidation of the Act, as Respondent urges application of the more restrictive widower's criteria,

---

[4] Claimant maintains the she is not capable of self-support.
[5] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 562.

3

because the extension will not result in a termination of benefits to widows who are currently receiving compensation under the less stringent standard.['] [Oknefski] (439 A.2d at 849).

**CONCLUSIONS OF LAW**

1. <u>The Section 307(7) remedy upon which the Employer seeks to rely in its Petition for Review or Suspension of workers' compensation benefits does not survive application of the Commonwealth Court's decision in Oknefski</u>. Because the Claimant's Review and Suspension Petition does not state a cause of action upon which relief can be granted, the Review and Suspension Petition should be dismissed. (Emphasis added.)

WCJ's Decision, July 15, 2003, Findings of Fact (F.F.) Nos. 1-4, Discussion and Conclusion of Law No. 1 at 1-2; R.R. at 30a-31a. The WCJ dismissed Employer's Review and Suspension Petitions.

Employer appealed to the Board and alleged as error:

The discussion following Finding of Fact 4, to the extent it contains and includes factual allegations, is not consistent with the evidence of record and is erroneous as a matter of law.
….
Conclusion of Law 1 is erroneous as a matter of law, insofar as the Judge misinterprets and misapplies the Commonwealth Court's holding and reasoning in Oknefski v. WCAB (Louisiana Pacific Corp.)….Oknefski is confined to its facts and does not justify the broad reading it has been given by the workers' compensation judge. To the extent the discussion in the Judge's decision following Finding of Fact 4 contains conclusions of law, the discussion is also contrary to the Court's holding in Oknefski and erroneous as a matter of law.

4

Employer's Appeal From Judge's Findings of Fact and Conclusions of Law at 1-2; R.R. at 33a-34a.

### III. The Board's Decision.

The Board affirmed the WCJ's decision on other grounds:

At a hearing on October 3, 2012, Claimant moved for dismissal. The WCJ bifurcated the action and accepted briefs from both parties. By a decision and order circulated July 11, 2013, he concluded that Defendant's petition does not state a cause of action upon which relief can be granted. The WCJ concluded that the Commonwealth Court's decision in Onefski [Oknefski] v. WCAB (Louisiana Pacific Corp.), 439 A.2d 846 (Pa. Cmwlth. 1981), which invalidated the disparate treatment of widows and widowers in establishing eligibility for fatal claim benefits, also invalidated the disparate treatment of widows and widowers in disqualifying a surviving spouse if the surviving spouse becomes capable of self- support. The Oneksi [Oknefski] court, after concluding that applying different eligibility criteria to widows and widowers was unconstitutionally discriminatory, determined the appropriate correction was to apply the less-stringent eligibility criteria to all surviving spouses equally....

The WCJ reasoned that allowing an employer to petition to suspend payment of fatal claim benefits to a widower who allegedly becomes self-supporting, but not to a widow who allegedly becomes self-supporting, would perpetuate an equal protection violation and that accordingly, no surviving spouse's entitlement to fatal claim benefits can be challenged on that basis. The WCJ therefore dismissed the petition....

Defendant [Employer] argues that the WCJ's interpretation and application of Onefski [Oknefski] is erroneous. We agree.
....

5

> Upon review, we cannot agree with the WCJ's analysis and extension of the holding in Onefski [Oknefski] from the explicit issue stated, whether the disparate treatment of widows and widowers in the Act's criteria for receipt of fatal claim benefits, to the issue presented here. The provisions of the Act are severable. 1 Pa. C.S. § 1925. That portion of Section 307(7) which states the eligibility criteria for fatal claim benefits is not inseparably connected with or dependent upon the portion which permits termination of fatal claim benefits. Therefore, the invalidation of the provision of Section 307(7) treating widows and widowers differently with regard to eligibility for fatal claim benefits, does not require invalidation of the later clause stating different rules for suspending or terminating fatal claim benefits. We therefore agree with Defendant [Employer] that the WCJ erred by dismissing its petition pursuant to Onefski [Oknefski].
>
> Nevertheless, the language of the contested provision, 'Should the widower become capable of self-support, the right of such…widower to compensation under this section shall cease,' is not ambiguous and therefore, the letter of the statute is not to be disregarded. 1 Pa. C.S. § 1921(b). There is no dispute that Claimant is a widow; therefore, the provision does not apply to her. An appellate tribunal may affirm a lower tribunal's order on different grounds where the basis for the correct ruling and order is not clear on the record. Tynan v. WCAB. (Assoc. Cleaning Consultant & Servs.), 639 A.2d 856 (Pa. Cmwlth. 1994). Accordingly, we affirm the dismissal of Defendant's [Employer's] petition and do not reach the equal protection issue.

Board's Decision, October 8, 2014, (Decision) at 3-6; R.R. at 40a-43a. (Emphasis added.)

## IV. Issues.
*A. Whether the Board erroneously concluded that the benefits payable under Section 307 of the Act are survivorship benefits rather than dependency benefits?*

6

Initially, Employer contends[6] that the Board erroneously concluded that the benefits payable under Section 307 of the Act, 77 P.S. §562, are survivorship benefits rather than dependency benefits.

Specifically, Employer asserts that "[b]enefits payable under Section 307 of the Act are paid in certain situations and to certain persons as a result of dependency. Eligible individuals identified in Section 307 of the Act are consistently identified throughout as dependents." Brief of Employer at 10. Employer concludes that *Oknefski* is limited to the initial eligibility of widows or widowers for death benefits, not the continued eligibility of persons receiving dependency benefits. *See* Employer's Brief at 12.

Claimant responds that "the evident intent of the Legislature was at the time of the statute's enactment, <u>and remains, to bestow lifetime benefits on widows of workers killed in the course of employment, irrespective of whether they subsequently become capable of self-support</u>…." (Emphasis added.) Brief of Claimant at 9. Claimant argues that continued dependency is not an issue.

Section 307 of the Act, 77 P.S. § 562, in relevant part, provides:

> No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him and receiving from him a substantial portion of

---

[6] This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, or an error of law committed, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo-Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 652 A.2d 797 (Pa. 1995).

7

her support.  No compensation shall be payable under this section to a widower, unless he be incapable of self-support at the time of his wife's death and be at such time dependent upon her for support….

Should any dependent of a deceased employe die or remarry, or <u>should the widower become capable of self-support, the right of such dependent or widower to compensation under this section shall cease</u> except that if a widow remarries, she shall receive one hundred four weeks compensation…in a lump sum after which compensation shall cease…<u>Provided, however, That if, upon investigation and hearing, it shall be ascertained that the widow or widower is living with a man or woman, as the case may be, in meretricious relationship and not married, or the widow living a life of prostitution, the board may order the termination of compensation payable to such widow or widower</u>…. (Emphasis added.)

In *Oknefski*, this Court addressed the issue of whether the eligibility criteria for widowers and widows seeking compensation benefits upon the death of a spouse violated equal protection pursuant Section 307 of the Act:

The facts as found by the referee, and affirmed by the Board, are not in dispute.  Petitioner's wife died directly as the result of a work-related incident in the course of her employment.  Until the time of her demise, Petitioner's wife was married to and living with Petitioner.
….
'[I]n considering the equal protection clause we evaluate the disparity of treatment by the state between classes of individuals whose situations are arguably indistinguishable.' McCoy M.D. v. State Board of Medical Education and Licensure, 37 Pa. Commonwealth Ct. 530, 537, 391 A.2d 723, 726 (1978).  To survive a constitutional challenge, 'gender-based discriminations must serve important governmental objectives and…the discriminatory means employed must be substantially

8

related to the achievement of those objectives.' Wengler v. Druggists Mutual Insurance Co., 446 U.S. 142, 150…; Leap v. Department of Labor and Industry, 14 Pa. Commonwealth Ct. 324, 322 A.2d 398 (1974).

….

'The burden…is on those defending the discrimination to make out the claimed justification, and this burden is not carried simply by noting that [when the act was passed] the state legislature thought widows to be more in need of prompt help than men or that today 'the substantive difference in economic standing of working men and women justifies the advantage' given to widows….[T]he bare assertion of this argument falls far short of justifying gender-based discrimination on the grounds of administrative convenience.' Wengler v. Druggists Mutual Insurance Co., 446 U.S. at 151…(quoting Wnegler [sic] v. Druggists Mutual Insurance Co., 583 S.W.2d 162, 168 (Mo. Supreme Ct. 1979.))

….

'Where a statute is defective because of under-inclusion [as in this case] <u>there exists two remedial alternatives: a court may either declare [the statute] a nullity and order that its benefits not extend to the class that the legislature intended to benefit, or it may extend the coverage of the statute to include those who are aggrieved by the exclusion</u>.' Welsh v. United States, 398 U.S. 333, 361…(1970)….

….

Here, the legislative policy underlying Section 307, i.e., protection against the loss of decedent's income, is evidenced by the fact that benefits payable to the survivor are calculated as a percentage of the deceased wage earners salary….Thus, <u>extension of the widows' standard to widowers comports with the remedial purpose of the Act by protecting widowers as well as widows against the loss of a deceased wage earner's income</u>.

Moreover, <u>extension of the widows' standard produces a less disruptive effect on the administration</u> of the Act than invalidation of the Act or, as Respondent urges, application of the more restrictive widower's criteria, <u>because the extension will not result in a termination of</u>

> benefits to widows who are currently receiving compensation under the less stringent standard.

*Oknefski*, 439 A.2d at 847-849. (Emphasis added and footnotes omitted.)

Employer argues that under Section 307 of the Act, the General Assembly intended to only compensate for dependency, rather than just survivorship. To effectuate that legislative intent, Employer contends that fatal claim benefits should be terminated when either the widow or widower becomes capable of self-support, and the termination provision should apply equally to both genders. However, this argument is without merit.

There is no legal basis to suspend a widow's continued entitlement to established spousal death benefits premised on the argument that the widow is now capable of self-support. Section 307 of the Act, 77 P.S. § 562, clearly states that "should the widower become capable of self-support, the right to…compensation shall cease." Section 307 of the Act does not provide any legal basis to terminate a widow's spousal death benefits. In fact, our Legislature's intent at the time of the enactment of Section 307 of the Act, and presently, is to bestow lifetime benefits to widows of workers killed in the course of employment regardless of whether they become capable of self-support.

In all matters involving statutory interpretation, we apply the Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501-1991. *Commonwealth v. McCoy*, 962 A.2d 1160, 1166 (Pa. 2009). "The object of statutory interpretation is to determine the intent of the General Assembly." *Pa. Department of Transportation, Bureau of Driver Licensing v. Weaver*, 912 A.2d 259, 264 (Pa. 2006) (citing 1 Pa.

10

C.S. § 1921(a)).  The touchstone of statutory interpretation is that where a statute is unambiguous, the judiciary may not ignore the plain language "under the pretext of pursuing its spirit," for the language of a statute is the best indication of legislative intent. *Weaver*, 912 A.2d at 264 (quoting 1 Pa. C.S. § 1921(b)).  Words and phrases should be construed in accordance with their common and approved usage. 1 Pa. C.S. § 1903(a).  When the words of a statute are clear, there is no need to look beyond the plain meaning of a statute. *See, e.g.*, *Commonwealth v. McClintic*, 909 A.2d 1241, 1245 (Pa. 2006) (citing *Sternlicht v. Sternlicht*, 876 A.2d 904, 909 (Pa. 2005), and *Ramich v. Workers' Compensation Appeal Bd. (Schatz Elec., Inc.)*, 770 A.2d 318, 322 (Pa. 2001)).  If a statute is deemed ambiguous, however, resort to principles of statutory construction is appropriate. 1 Pa. C.S. § 1921(c); *Commonwealth v. Packer*, 798 A.2d 192, 196 (Pa. 2002).

Here, Employer's proposed remedy contravenes both the plain language and intent of Section 307 of the Act and would, in effect, rewrite Section 307 to include a new reason for terminating a widow's benefits, something our General Assembly has not intended.[7]  This Court concludes that there is no basis in Section 307 of the Act, 77 P.S. § 562, to suspend a widow's continued entitlement to established spousal death benefits even if she is capable of self-support.

*B. Whether the Board's Decision denies equal protection of the law by incorrectly and unconstitutionally supporting a gender based bias for the standards applicable to the continued receipt of death benefits under Section 307 of the Act?*

---

[7] This Court notes that subsequent to our holding in *Oknefski* in 1981, our General Assembly has enacted numerous amendments to the Act.  However, the General Assembly has seen fit not to change the statutory language in Section 307 which permits widows to retain spousal benefits.

Employer also argues that the Board denied it equal protection of the law by incorrectly and unconstitutionally supporting a gender based bias for the standards applicable to the continued receipt of death benefits under Section 307 of the Act.

This Court concurs with the Board's determination that there is no need to address the equal protection issue.[8]

Accordingly, the decision of the Board is affirmed.

_____
BERNARD L. McGINLEY, Judge

---

[8] *Assuming arguendo* that this Court were to reach the merits concerning Employer's constitutional argument, this Court would still find no basis to cut off Claimant's entitlement to death benefits pursuant to *Oknefski*. Here, as in *Oknefski*, this Court would extend the same standard for widows to widowers so that widowers do not lose their fatal claim benefits if they become capable of self-support which "comport[s] with the remedial purpose of the Act by protecting widowers as well as widows against the loss of a deceased wage earner's income." *Oknefski*, 439 A.2d at 849.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Veronesi Building and Remodeling,   :
Inc.,   :
               Petitioner   :
   :
              v.   :
Workers' Compensation Appeal   :
Board (Corvin, Deceased, Corvin),   :   No. 2002 C.D. 2014
             Respondents   :

## **O R D E R**

AND NOW, this 29th day of January, 2016, the order of the Workers'

Compensation Appeal Board in the above-captioned matter is affirmed.

_____
BERNARD L. McGINLEY, Judge